## JAMES M. MURPHY'S APPEAL FROM PROBATE
### (8406)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued March 1—decision released July 31, 1990

*Franklin Melzer,* for the appellant (plaintiff).
*Saul Kwartin,* for the appellees (defendants).

FOTI, J. The plaintiff appeals from the summary judgment rendered for the defendants in each of two companion cases involving an appeal from the Probate Court. The first appeal from the Probate Court involves the denial of his petition to remove a coexecutor. The second appeal is from the Probate Court's removal of the plaintiff as coexecutor of the estate of Katherine B. Murphy.

The plaintiff is one of six children of the late Katherine B. Murphy, all of whom are beneficiaries of her estate. He was named as one of four coexecutors under her will. At the time of her death, the decedent owned two pieces of real estate in Greenwich. One property was her residence, a single-family house on Hendrie Avenue, and the other is a two-family house at Idar Court that she held for investment purposes. Her will authorized the coexecutors to sell these real properties, but imposed an obligation upon them to offer each of her children the right to purchase the Hendrie Avenue homestead for an amount equal to the value fixed "for Connecticut inventory and/or Connecticut succession tax purposes." If more than one child wanted to purchase that property, the corporate executor, Connecticut Bank and Trust (CBT), was authorized to decide which child would purchase the homestead. The children orally agreed that none wanted to purchase the Hendrie Avenue property. The coexecutors had both properties appraised for estate tax purposes. On March 28, 1986, the Hendrie Avenue property was assigned a fair market value of $197,000 and the Idar Court property was given a fair market value of $300,000.

On April 25, 1986 the coexecutors met at the offices of CBT to discuss the administration of the estate. All of the coexecutors, except the plaintiff, favored listing both properties for immediate sale. Because of the coexecutors' failure to agree, it was decided to peti-

tion the Greenwich Probate Court for its guidance. On May 1, 1986, the estate petitioned the court for permission to list both properties for sale. A hearing was scheduled for May 15, 1986. On May 9, 1986, the plaintiff communicated an offer to purchase the Hendrie Avenue property for $197,000, and filed an objection to the estate's petition with the Probate Court. Because the estate refused to sell the Hendrie Avenue property to the plaintiff, he also asked that the Probate Court direct the coexecutors to sell the Hendrie Avenue property to him for $197,000.

At the hearing on May 15, 1986, the Probate Court proposed a plan of administration. This plan called for additional appraisals of both properties for the purpose of setting estate and inventory values. After these new assessments were completed, the executors were to decide upon an appropriate value for each property. The Hendrie Avenue property was then to be offered to the Murphy children as directed in the will. If none of the children wanted to purchase the family homestead, it was to be listed for sale.

The coexecutors met after the hearing, and, although the plaintiff was invited, he declined to attend. The remaining coexecutors voted to adopt the court's advice and ordered additional appraisals. The first appraiser listed the fair market values of the Hendrie Avenue property as $275,000 and the Idar Court property as $400,000. The second appraiser assigned a fair market value of $270,000 to the Hendrie Avenue property and $325,000 to the Idar Court property. The coexecutors, with the exception of the plaintiff, who again declined to participate, adopted the second appraiser's values for inventory and succession tax purposes, and informed the court of their actions. An inventory was filed with the court. The plaintiff did not sign the inventory.

On September 24, 1986, each of the Murphy children was offered the Hendrie Avenue property for $270,000. The plaintiff responded to this purchase offer by demanding CBT's resignation as coexecutor. On November 12, 1988, the plaintiff filed a petition with the Greenwich Probate Court seeking the removal of CBT as a coexecutor, a new appraisal of the Hendrie Avenue property, an order that the Hendrie Avenue property be offered to the Murphy children again, an order prohibiting CBT from listing the Hendrie Avenue property for sale, and an order that the Idar Court property not be sold until it could be converted into a condominium. The three remaining coexecutors cross petitioned the Probate Court, requesting that the plaintiff be removed as a coexecutor because of his conflict of interest. The Probate Court denied the plaintiff's petition and granted the coexecutors' petition, thereby removing the plaintiff as a coexecutor. The plaintiff appealed these orders to the Superior Court.

While the appeal of the probate orders was pending, the remaining executors proceeded with the administration of the estate. The properties were then listed for sale. The Hendrie Avenue property was listed for $329,000, and the Idar Court property was listed for $550,000. In December, 1986, the estate entered into a contract with an unrelated party for the sale of the Hendrie Avenue property for $315,000. The proposed purchaser later withdrew his offer because all of the coexecutors could not agree on its acceptance. The administration of the estate was concluded when the Idar Court property was sold to a bona fide purchaser, and equal shares of the Hendrie Avenue property were passed to each of the six Murphy children by certificate of devise. All of the property, real or personal, that comprised the estate, was either sold or distributed. No part of the estate remains to be administered. A final accounting was filed and approved by the Pro-

bate Court. The plaintiff filed a separate appeal in Superior Court from the acceptance of the final accounting and it is currently pending.

After the estate was fully administered, the remaining executors moved for summary judgment on both appeals claiming that both were moot. By memorandum of decision, the court rendered summary judgment for the remaining executors and dismissed the appeals, declaring them moot. The court also noted that the "[p]laintiff retains his right to an adjudication of the propriety of the Probate Court's acceptance of the final account of the remaining coexecutors in the pending appeal, which will sufficiently protect his rights in the administration of the decedent's estate."

The dispositive issue in the present case is whether the plaintiff's appeal to the Superior Court from the orders of the Probate Court removing him as coexecutor and denying his petition to remove CBT as coexecutor were rendered moot by the actions of the remaining coexecutors, the approval by the Probate Court of the final account, and order of distribution.

"It is a fixed principle of law that appellate courts do not decide moot questions. . . . A case is moot if it is disconnected from the granting of actual relief or it involves a determination from which no practical relief to the complainant can follow." (Citations omitted.) *Connecticut Resources Recovery Authority* v. *Freedom of Information Commission,* 19 Conn. App. 489, 493–94, 562 A.2d 1145 (1989). Absent an actual and existing controversy, the courts of this state may not be used for the purpose of obtaining judicial opinions upon points of law, and where the question presented is purely academic, we must refuse to entertain the appeal. *Franklin* v. *Berger,* 15 Conn. App. 74, 77, 544 A.2d 650 (1988), rev'd on other grounds, 211 Conn. 591, 560 A.2d 444 (1989).

Any actual controversy as to the plaintiff's claims ceased to exist upon the Probate Court's approval of the final account and the granting of the order of distribution. *Anderson* v. *Watson,* 162 Conn. 245, 247–48, 294 A.2d 278 (1972). The Hendrie Avenue property passed by certificate of devise and the Idar Court property was sold to a bona fida purchaser and this sale cannot now be declared void or voidable. The mere taking of an appeal from a probate order does not in and of itself vacate or suspend the order. That order continues in full force unless and until the appellate tribunal, i.e., the Superior Court, determines otherwise. *Kerin* v. *Stangle,* 209 Conn. 260, 265, 550 A.2d 1069 (1988). Although no successor was appointed upon the removal of the plaintiff as coexecutor, the actions of the remaining executors were of full force and effect. General Statutes § 45-264.[1]

When the plaintiff filed the two appeals with the Superior Court, he neither requested a stay of further proceedings in the Probate Court nor sought injunctive relief to prevent the remaining executors from acting. General Statutes § 45-9[2] precludes a collateral

---

[1] "[General Statutes] Sec. 45-264. APPEAL FROM REMOVAL OF FIDUCIARY. EFFECT ON SUCCESSOR FIDUCIARY. (a) When any fiduciary has been removed for cause by a court of probate, as provided in section 45-263, the fiduciary may appeal from such order of removal in the manner provided in chapter 796. In the event of an appeal from the order of removal taken by the fiduciary who has been removed, the appointment of a successor shall not be stayed by the appeal but shall be a temporary appointment. Such successor fiduciary shall act during the pendency of the appeal and until the appeal is withdrawn or final judgment entered thereon.

"(b) If the order of removal is sustained upon appeal, such appointment shall become permanent.

"(c) If the order of removal is vacated upon appeal, such appointment may be terminated, subject to the obligation of such successor fiduciary to render a final account, and the acts of the successor fiduciary for the period of the pendency of the appeal shall be of full effect."

[2] "[General Statutes] Sec. 45-9. VALIDITY OF ORDERS, JUDGMENTS AND DECREES. Every order, judgment or decree of a court of probate made by a judge who is disqualified shall be valid unless an appeal is taken as here-

attack of any order, judgment or decree of a Probate Court, rendered "after notice and from which no appeal is taken." The plaintiff, however, has failed to cite any case that prohibited him from seeking injunctive relief to maintain the status quo during the pendency of the appeals in this matter.

There is merit to the defendants' contention that a resolution of this appeal cannot result in any practical relief to the plaintiff. It is this present lack of an actual controversy between the parties that renders the plaintiff's appeal to the Superior Court moot, thereby denying that court's jurisdiction. See, e.g., *Hallas* v. *Windsor,* 212 Conn. 338, 348, 562 A.2d 499 (1989); *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 571–72, 499 A.2d 1158 (1985); *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 251–52, 440 A.2d 310 (1982); *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944).

The plaintiff argues that the trial court improperly considered the issue of mootness because it was bound by and limited to the evidence that was received by the Probate Court, and could not consider events that occurred after the issuance of the order appealed from. This argument is without merit, as mootness deprives the court of jurisdiction. *Hallas* v. *Windsor,* supra. Pursuant to General Statutes § 45-288, this may occur any time prior to a trial de novo in the Superior Court.

We take judicial notice of the appeal that the plaintiff has taken from the approval of the final account and distribution pending before the Superior Court in the judicial district of Stamford-Norwalk, Docket No. CV 88-0093123S. That appeal alleges both mismanage-

inafter specified. All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud."

ment and overcharging by CBT, together with a claim of excessive fees charged by the attorneys for the estate. The plaintiff also alleges funds should not be distributed because of potential liability caused by the sale of the Idar Court property. We agree with the conclusion of the trial court that this appeal will sufficiently protect the plaintiff's rights.

We conclude that the court properly rendered summary judgment because at the time the judgment was rendered there no longer existed an actual controversy in which the trial court could have afforded practical relief to the parties. See *Sadlowski* v. *Manchester,* 206 Conn. 579, 583, 538 A.2d 1052 (1988); *Board of Education* v. *Board of Labor Relations,* 205 Conn. 116, 124–25, 530 A.2d 588 (1987); *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union,* 177 Conn. 17, 19, 411 A.2d 1 (1979).

The judgment is affirmed.

In this opinion the other judges concurred.