JENNIFER SCHIAVONE *v.* RICHARD K. SNYDER, CONSERVATOR (ESTATE OF ESTHER HASELTINE SCHIAVONE) (AC 21704)

Foti, Mihalakos and Hennessy, Js.

Argued September 10—officially released November 26, 2002

*John R. Williams*, for the appellant (plaintiff).

*David W. Schneider*, for the appellee (substitute defendant).

*Opinion*

MIHALAKOS, J. The plaintiff, Jennifer Schiavone, appeals from the judgment of the trial court dismissing her appeal from the order of the Probate Court approving the interim account filed by the conservator of her late mother's estate. On appeal, the plaintiff claims that the trial court improperly held that (1) she was not an aggrieved party and had no standing to appeal and (2) she was precluded from raising issues not set forth in her reasons of appeal. After examining the record and considering the briefs and oral arguments of the parties, we conclude that those claims are moot and, therefore, dismiss the appeal.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. The plaintiff is the daughter of Esther Haseltine Schiavone, now deceased. Prior to her death, an application to appoint a conservator of the person and estate of Esther Haseltine Schiavone was filed with the Probate Court for the district of North Haven by her son, Michael Schiavone.[1]

---

[1] An evaluation filed with the Probate Court provided medical evidence that Esther Haseltine Schiavone was incapable of caring for herself and managing her affairs by reason of moderately advanced Alzheimer's disease and arteriosclerosis. The evaluation indicated that total assistance and care was required and in place.

On November 19, 1998, following a hearing on the conservatorship application in which the plaintiff actively participated, a decree was entered appointing the defendant Richard K. Snyder as conservator of the estate of Esther Haseltine Schiavone (ward).[2]

On February 6, 2000, Snyder filed an interim account covering a period of approximately one year.[3] Although the plaintiff raised numerous objections to the expenditures detailed in the interim account, on November 1, 2000, the Probate Court approved the account by order and decree. In the decree, the Probate Court noted that the ward's guardian ad litem had accepted the interim account. Thereafter, the plaintiff filed a motion for an appeal from the order and decree approving the interim account, and the Probate Court allowed the appeal.

On January 4, 2001, the plaintiff filed her reasons of appeal with the Superior Court. Snyder then filed a motion to dismiss the appeal for lack of subject matter jurisdiction on the ground that the plaintiff was not an aggrieved party and lacked standing to pursue the appeal. On February 21, 2001, the court granted the motion to dismiss.[4] This appeal followed.

---

[2] Esther Haseltine Schiavone died on January 28, 2002, during the pendency of this appeal. Upon her death, the position of the original defendant, Richard K. Snyder, as conservator, terminated. On April 2, 2002, the Probate Court issued a decree approving and appointing Charles C. Kingsley as administrator of the estate of Esther Haseltine Schiavone. On May 7, 2002, we granted a motion to substitute Kingsley as the party defendant in this appeal.

[3] Specifically, the interim account covered the period from November 19, 1998, the date of the conservator's appointment, to December 31, 1999.

[4] The court dismissed the appeal on the ground that the plaintiff's status as the daughter of the ward and the subject of a specific bequest in the ward's will was insufficient to confer on her the standing necessary to maintain her appeal. Citing *Fitzhugh* v. *Fitzhugh*, 156 Conn. 625, 627, 239 A.2d 513 (1968), and *Doyle* v. *Reardon*, 11 Conn. App. 297, 304, 527 A.2d 260 (1987), the court reasoned that a person has no legally protected interest in the estate of another solely by virtue of a blood relationship between the two or because of any putative inheritance that may come to her after such other person's death, by will or intestacy. Furthermore, despite the plaintiff's argument that she had standing to appeal from the Probate Court's denial of her claim for attorney's fees, the court reasoned that even if the denial

While this appeal was pending, Snyder proceeded with the administration of the ward's estate and ultimately filed his final account covering the period ending on January 28, 2002, the date of the ward's death. On May 7, 2002, this court granted the motion to substitute Charles C. Kingsley, who had been appointed administrator of the ward's estate, as the defendant. On July 22, 2002, the Probate Court approved Snyder's final account by order and decree, which directed that the assets in the conservator estate be distributed to the substitute defendant as the administrator of the probate estate.

Subsequently, on September 9, 2002, the substitute defendant filed a motion to dismiss this appeal for lack of subject matter jurisdiction. See Practice Book § 66-8. He argues that all of the issues involved in the approval of the interim account became moot once the final account was approved. He maintains that we should take judicial notice of the Probate Court's order and decree approving the final account, from which no appeal has been taken, and concludes that the plaintiff's appeal should be dismissed as moot because it raises issues relating only to the approval of the interim account.

In response, the plaintiff argues that the Probate Court lacks jurisdiction to render an appeal to this court moot.[5] She maintains that by allowing her appeal, the

of attorney's fees was part of the decree appealed from, a fact disputed by the defendant-conservator, the plaintiff had abandoned any such claim by failing to include it in her reasons for appeal, citing *Berkeley* v. *Berkeley*, 152 Conn. 398, 401, 207 A.2d 579 (1965), and *Boschen* v. *Second National Bank of New Haven*, 130 Conn. 501, 504, 35 A.2d 849 (1944). The court concluded that the plaintiff was not an aggrieved party and dismissed her appeal.

[5] Although we granted the plaintiff an opportunity to file a brief in opposition to the substitute defendant's motion to dismiss, the plaintiff waived that opportunity on September 10, 2002, during oral argument of this appeal, opting instead to address the issue of mootness orally.

Probate Court lost jurisdiction over the particular issues involved in the appeal. The plaintiff concludes, therefore, that any subsequent approval of a final account or other order by the Probate Court was subject to the issues over which it no longer had jurisdiction.

Our standard of review regarding mootness is well settled. "Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations omitted; internal quotation marks omitted.) *Ayala* v. *Smith*, 236 Conn. 89, 93–94, 671 A.2d 345 (1996).

The dispositive issue in the present case is whether the plaintiff's appeal from the Probate Court's order and decree approving the conservator's interim account was rendered moot by the Probate Court's subsequent approval of the final account and order of distribution.

In *Murphy's Appeal from Probate*, 22 Conn. App. 490, 578 A.2d 661, cert. denied, 216 Conn. 823, 581 A.2d 1057 (1990), we held that the trial court properly dismissed as moot the plaintiff's appeal in that case from two orders of the Probate Court involving the administration of his late mother's estate[6] because, among other rea-

---

[6] The first order appealed from by the plaintiff in *Murphy's Appeal from Probate* involved the Probate Court's denial of his petition seeking, among other things, the removal of a coexecutor of his late mother's estate, a new appraisal of a parcel of real property included in the estate and an order

sons, during the pendency of the appeal, the Probate Court had approved a final account and ordered distribution. Id., 493–97. In so holding, we explained that "[a]ny actual controversy as to the plaintiff's claims ceased to exist upon the Probate Court's approval of the final account and the granting of the order of distribution. . . . The mere taking of an appeal from a probate order does not in and of itself vacate or suspend the order." (Citation omitted.) Id., 495. Furthermore, we took judicial notice that an appeal taken from the approval of the final account and distribution did sufficiently protect the plaintiff's rights. Id., 496–97.

In the present case, we take judicial notice of the Probate Court's order and decree dated July 22, 2002,[7] approving the conservator's final account, from which no appeal has been taken during the time period prescribed by General Statutes § 45a-187. See *Murphy's Appeal from Probate*, supra, 22 Conn. App. 496. General Statutes § 45a-24 precludes a collateral attack on any order, judgment or decree of a Probate Court "from which no appeal is taken . . . ."[8] Thus, the Probate Court's order and decree approving the final account "continues in full force unless and until the appellate

restricting the sale of two parcels of real property included in the estate. *Murphy's Appeal from Probate*, supra, 22 Conn. App. 493. The second order appealed from by the plaintiff removed him from his position as a coexecutor of the estate. Id.

[7] Although that document was not part of the original record on appeal, we reason that "[t]he true concept of what is judicially known is that it is something which is already in the court's possession or, at any rate, is so accessible that it is unnecessary and therefore time wasting to require evidence of it." (Internal quotation marks omitted.) *State* v. *Jones*, 50 Conn. App. 338, 351, 718 A.2d 470 (1998), cert. denied, 248 Conn. 915, 734 A.2d 568 (1999).

[8] General Statutes § 45a-24 provides in relevant part: "All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud."

tribunal, i.e., the Superior Court, determines otherwise." *Murphy's Appeal from Probate*, supra, 495. As previously stated, the plaintiff has not appealed from the approval of the final account. The Probate Court's order and decree approving the final account, therefore, supplants and vitiates the approval of the interim account.[9] Any actual controversy as to the plaintiff's claims ceased to exist upon the Probate Court's order approving the final account and her failure to appeal therefrom. Consequently, the plaintiff's claims on appeal involving the order and decree approving the interim account are rendered moot.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[9] See generally *Gaynor* v. *Payne*, 261 Conn. 585, 598, 804 A.2d 170 (2002) (all claims Probate Court has jurisdiction to adjudicate in passing on validity of accounting cannot be relitigated after approval of final account; plaintiff's claims against former executor of decedent's estate were barred by res judicata because they *could have been* brought in Probate Court).