ANN STANLEY'S APPEAL FROM PROBATE
(AC 23682)

Foti, Dranginis and Peters, Js.

Argued September 17—officially released November 25, 2003

*Richard McCarthy,* for the appellants (substitute plaintiff Michael Stanley et al.).

*Gregory P. Patti,* pro se, the appellee (defendant).

*Opinion*

FOTI, J. The substitute plaintiffs, Michael Stanley and Arlene Stanley, executors of the estate of Ann Stanley, appeal from the judgment of the trial court dismissing as moot the appeal, which had been initiated by Ann Stanley prior to her death, from the decree and order of the Probate Court for the district of Fairfield. The probate appeal contested the appointment of the defendant Gregory P. Patti and Michael Stanley[1] as conserva-

---

[1] Michael Stanley, the plaintiff's son, did not submit a bond as required by the court and ultimately was not appointed a conservator. He also is not a party on appeal.

tors of Ann Stanley's estate and person. We conclude that the appeal is not moot and, therefore, reverse the judgment of the trial court.

The trial court found the following relevant facts. On May 13, 1999, the Probate Court appointed Patti, an attorney, and Michael Stanley as conservators of the estate and person of Ann Stanley. Ann Stanley then filed with the Probate Court an application for appeal, alleging that she was "aggrieved by the order and decree of the [Probate] [C]ourt." On June 10, 1999, the Probate Court issued a decree allowing her to appeal from that appointment. On September 14, 1999, the Probate Court found that Ann Stanley no longer was in need of a conservator and ordered that the conservatorship be terminated. On June 5, 2000, Ann Stanley died.

We take judicial notice of additional facts that appear in documents contained in the Probate Court for the district of Fairfield. See *Schiavone* v. *Snyder*, 73 Conn. App. 712, 717, 812 A.2d 26 (2002). On October 22, 1999, following the termination of the conservatorship, the Probate Court awarded fees totaling $7080.50 as follows: $3805.50 to Patti as conservator; $1000 to Norman Hewitt, an attorney; and $2175 to John McCarthy, an attorney, as guardian ad litem. Ann Stanley also appealed to the Superior Court from that decree.[2]

In its memorandum of decision, the trial court concluded that the termination of the conservatorship rendered moot the appeal from the appointment of conservators and found that there was no collateral injury or consequence from which a court could grant relief. We do not agree.

"Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve.

---

[2] The appeal from the award of fees is Ann Stanley's Appeal from Probate, CV 99-0368621 judicial district of Fairfield.

. . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When . . . events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citations omitted; internal quotation marks omitted.) *Ayala* v. *Smith*, 236 Conn. 89, 93–94, 671 A.2d 345 (1996).

If an actual controversy as to Ann Stanley's claims ceased to exist when the Probate Court terminated the conservatorship, the present appeal would be rendered moot. See, e.g., *Murphy's Appeal from Probate*, 22 Conn. App. 490, 578 A.2d 661 (approval of final accounting, order of distribution rendered moot appeal from two orders involving administration of estate), cert. denied, 216 Conn. 823, 581 A.2d 1057 (1990).[3] Furthermore, a court will not decide questions when there exists no actual controversy or when no actual practical relief can follow from the court's determination. *Sobocinski* v. *Freedom of Information Commission*, 213 Conn. 126, 134, 566 A.2d 703 (1989). Such is not the case here.

Ann Stanley was not seeking merely to terminate a conservatorship, but also to have the appointment itself set aside. The order of September 14, 1999, which terminated the conservatorship, did not cause the contro-

[3] In *Schiavone* v. *Snyder*, supra, 73 Conn. App. 718, we concluded that claims on appeal involving the Probate Court's order and decree approving an interim account were rendered moot, as any actual controversy as to the plaintiff's claims ceased to exist on the Probate Court's order approving the final account and on the failure of the plaintiff to appeal therefrom.

versy to cease to exist.[4] Furthermore, we view a pending appeal at the Superior Court contesting the reasonableness and the amount of the award of fees as a cause for declaring this matter as not being moot.[5] Neither the termination of the conservatorship nor the pending appeal contesting fees allows for the substitute plaintiffs to contest whether there was a valid appointment of a conservator. The substitute plaintiffs may argue that if no legal basis is found for the appointment, then there also exists no legal basis for an award of fees. To declare this appeal moot would be to disallow the substitute plaintiffs to litigate their claims fully. Because the substitute plaintiffs may be offered practical relief as a result of this appeal, their claims are not moot.

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

[4] The Probate Court's order itself is quite clear on that point, stating that the plaintiff "was no longer in need of a conservator," which implies that she previously was in need of a conservator.

[5] The substitute plaintiffs would not be allowed, in that appeal, to pursue a collateral attack on the appointment itself, as a separate and distinct appeal is required, or that claim would be waived.