WYATT ENERGY, INC. *v.* MOTIVA ENTERPRISES, LLC, ET AL.

MOTIVA ENTERPRISES, LLC, ET AL. *v.* WYATT ENERGY, INC.
(AC 23740)

Foti, West and Dupont, Js.

Argued December 8, 2003—officially released February 24, 2004

*Robert A. Izard, Jr.*, with whom were *Todd A. Higgins, Barbara F. Wolf* and, on the brief, *Nancy A. Kulesa*, for the appellant (plaintiff in the first case, defendant in the second case).

*Sheila A. Huddleston*, with whom, on the brief, were *Paul D. Sanson* and *Alexandra M. McHugh*, for the appellees (defendants in the first case, plaintiffs in the second case).

*Opinion*

PER CURIAM. The plaintiff, Wyatt Energy, Inc. (Wyatt), appeals from the judgment of the trial court

granting the application for a prejudgment remedy[1] filed by the defendants,[2] Motiva Enterprises, Inc., Shell Oil Company, Shell Oil Products Company and Equiva Trading Company (collectively Motiva), in connection with their breach of contract counterclaim. On appeal,[3] Wyatt's sole claim is that the court, *Hodgson, J.*, failed to consider properly its defense that its contract with Motiva had become illegal and unenforceable as a result of allegedly anticompetitive conduct by Motiva.

On October 16 and 17, 2002, the court held a hearing on the cross applications for a prejudgment remedy. In a twenty page memorandum of decision, the court granted Motiva's application, authorizing it to attach Wyatt's assets in the amount of $1,156,930 and denied Wyatt's application for a prejudgment remedy.

On December 16, 2003, after oral argument before this court, Motiva filed a motion to dismiss this appeal, alleging mootness.[4] By that motion, to which there was no opposition filed, Motiva claimed that the appeal is moot because there is no practical relief that this court can render. Together with its motion, Motiva has filed a memorandum of decision by the court, *Sheedy, J.*, dated December 8, 2003, of which we take judicial notice, rendering summary judgment in favor of Motiva on Wyatt's illegality defense.[5]

---

[1] The granting or denial of a prejudgment remedy is deemed a final judgment for the purposes of appeal. General Statutes § 52-278*l* (a).

[2] The defendants, in addition to Motiva Enterprises, Inc., are Shell Oil Company, Shell Oil Products Company and Equiva Trading Company. We will refer to the defendants collectively as Motiva, as did the trial court.

[3] Wyatt appealed from the "ruling on the application for prejudgment attachments," which also denied Wyatt's application for a prejudgment remedy. Wyatt's brief, however, is limited to its claim that the court improperly granted Motiva's application.

[4] The appeal was argued before this court on December 8, 2003. We will address only those facts and procedures necessary for a disposition of this appeal.

[5] The illegality defense was pleaded by Wyatt as a special defense to Motiva's counterclaim. While this appeal was pending, Motiva filed a motion for summary judgment in the trial court on that special defense, as well as on other issues.

"Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . Since mootness implicates subject matter jurisdiction . . . it can be raised at any stage of the proceedings. . . . A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists. . . . An issue is moot when the court can no longer grant any practical relief. . . . Whenever a claim of lack of jurisdiction is brought to the court's attention, it must be resolved before the court can proceed. . . .

"The test for determining mootness of an appeal is whether there is any practical relief this court can grant the appellant. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . If no practical relief can be afforded to the parties, the appeal must be dismissed." (Internal quotation marks omitted.) *Taylor* v. *Zoning Board of Appeals*, 71 Conn. App. 43, 46, 800 A.2d 641 (2002).

The plaintiff's appeal is moot because there is no practical relief that this court can render. The sole issue on appeal, whether Judge Hodgson failed to consider Wyatt's antitrust illegality defense or applied an improper legal standard in considering it, is no longer in the case. In light of Judge Sheedy's ruling that Wyatt's antitrust illegality defense was insufficient as a matter of law, which was a ground different from that addressed by Judge Hodgson,[6] we no longer have an appealable issue to consider for which we can grant practical relief.[7]

The appeal is dismissed.

---

[6] In rendering summary judgment on that issue, Judge Sheedy found that the defense fails as a matter of law because the agreement did not require a violation of law and was capable of execution without violating the law.

[7] Even if we assume arguendo that Judge Hodgson improperly rejected Wyatt's illegality defense on the grounds as challenged, we could not vacate

the prejudgment ruling in light of Judge Sheedy's ruling rejecting that defense on another ground, not challenged in this appeal.