******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANNE E. WRIGHT *v.* MARTHA J. LEONARDI ET AL.
(AC 35490)

DiPentima, C. J., and Alvord and Flynn, Js.

*Submitted on briefs January 13—officially released April 14, 2014\**

(Appeal from Superior Court, judicial district of Stamford-Norwalk, Hon. Kevin Tierney, judge trial referee.)

*Fred L. Baker,* filed a brief for the appellant (plaintiff).

*Martha J. Leonardi*, self-represented, filed a brief for the appellee (named defendant).

*Opinion*

FLYNN, J. The dispositive issue raised in this appeal by the plaintiff, Anne E. Wright, is whether the Superior Court properly dismissed her appeal of the Probate Court's decree appointing Stephen B. Keogh conservator of her person and estate as moot because Keogh resigned as conservator during the pendency of the appeal. We conclude that the plaintiff's appeal is moot but for different reasons.[1] Accordingly, we dismiss the appeal.

The following facts and procedural history inform our analysis. On February 26, 2008, the plaintiff executed a series of estate planning documents including: a last will and testament, a general durable power of attorney, appointment of a health care representative, and a designation of conservator for future incapacity. The plaintiff's last will and testament recites that she had five children at the time that document was executed: Martha J. Leonardi, Christine Rooney, Elizabeth Wright, Laurie Wright, and William C. Wright. In her general durable power of attorney, the plaintiff named her daughter, Laurie Wright, as her attorney in fact, and gave her broad and expansive authority to manage the plaintiff's affairs. Likewise, the plaintiff executed a document naming Laurie Wright as her health care representative and future conservator should one need to be appointed.

On January 4, 2012, Martha Leonardi, a daughter of the plaintiff, filed an application for appointment of a conservator in the Probate Court. She requested that Elizabeth Wright,[2] another daughter, be appointed conservator of the plaintiff's person and that Judith Heft & Associates be appointed conservator of the plaintiff's estate. A series of hearings and status conferences were held before the Probate Court between February and July of 2012.

Martha Leonardi sought to replace Laurie Wright as power of attorney and have an outside neutral person named as conservator of the plaintiff's person and estate because she believed that Laurie Wright was managing their mother's financial affairs inadequately and was taking advantage of their mother for her own personal financial gain. The plaintiff, through counsel, argued against the appointment of a conservator, contending that her needs were being met adequately by Laurie Wright, and that the court should defer accordingly to the plaintiff's advanced directives.

The Probate Court issued its decree on September 28, 2012. It found that the plaintiff's personal and property needs were not being met adequately. Accordingly, that court appointed Keogh conservator of the estate and person of the plaintiff. Notice of that court's decree was mailed to the parties on October 16, 2012. The plaintiff thereafter moved to stay the appointment of

an independent conservator. On November 19, 2012, Keogh informed the Probate Court that he would resign his appointment as the plaintiff's conservator.[3] Pursuant to General Statutes § 45a-186, the plaintiff filed her appeal from the order of the Probate Court in the Superior Court on November 27, 2012.[4] On February 21, 2013, *Hon. Kevin Tierney*, judge trial referee, dismissed her appeal of the Probate Court's decree appointing Keogh conservator of the plaintiff's person and estate. The court concluded that the appeal was moot because Keogh resigned as conservator during the pendency of the plaintiff's appeal, and, therefore, the court lacked subject matter jurisdiction to proceed.

During the pendency of the plaintiff's appeal to the Superior Court, Judge Fox of the Stamford Probate Court conducted a hearing on December 11, 2012 to select a new conservator. The court heard testimony and reviewed the statutory criteria for who is a "qualified person" to serve as conservator, pursuant to General Statutes § 45a-650 (h).[5] In a decree dated December 13, 2012, the Probate Court denied the plaintiff's motion for a stay of its decree appointing an independent conservator; accepted Keogh's resignation; and appointed Cynthia W. Harmon as conservator of the person and estate of the plaintiff.

Judge Fox's decree explained his reasoning for selecting Harmon as conservator. Harmon and the plaintiff were longtime friends and next door neighbors who had a close relationship; the two would often spend time together. Harmon had a working knowledge of the plaintiff's personal preferences and financial affairs. The Probate Court found that Harmon had the capability to manage the financial affairs and attend to the medical needs of the plaintiff. Furthermore, Harmon agreed to serve as conservator without any financial compensation. Harmon further testified that as conservator she would pursue the welfare and independence of the plaintiff and, to the extent possible, she would shield her from any internal familial conflict. Finally, Harmon testified that she presently did not have, and could not foresee, any conflicts between herself and either the plaintiff or the plaintiff's children. Based on the foregoing, Judge Fox concluded that: "Ms. Harmon meets the criteria set forth in the Connecticut General Statutes and would be an advantageous choice for [the plaintiff], particularly because of her past knowledge and relationship with [the plaintiff] and her willingness to provide her services without cost to [the plaintiff's] estate."

Judge Fox further ordered Harmon to file an inventory of the plaintiff's assets within sixty days of the order and that no disbursements shall be made for any fiduciaries' fees, attorney's fees, and guardian ad litem fees without prior order of the court. Harmon further was ordered to prepare a budget for the plaintiff cov-

ering the next twelve months and to share that budget with the court and all interested parties within sixty days. Lastly, Harmon was ordered to modify the plaintiff's care plan, consistent with the recommendations of her physicians, so that the plan adequately would protect her safety and well-being.

Harmon accepted the appointment on December 21, 2012. No appeal was taken from that later judgment of the Probate Court. Consequently, she currently serves as both the conservator of the person and estate of the plaintiff.

"Probate appeals are not from the cause of action *in toto*, but only from some specific order, sentence, denial, or decree." (Emphasis in original.) R. Folsom, Probate Litigation in Connecticut (2d Ed. 2014) § 7:3, pp. 7-13 through 7-14, citing *Tillotson* v. *Tillotson*, 34 Conn. 335, 362 (1867); *Curtiss* v. *Beardsley*, 15 Conn. 518, 523 (1843). The present appeal could not, however, review the action of the Probate Court by a consideration of circumstances which had arisen thereafter. *Stevens Appeal from Probate*, 157 Conn. 576, 582, 258 A.2d 632 (1969).

"Mootness implicates a court's subject matter jurisdiction and, therefore, presents a question of law over which we exercise plenary review." *State* v. *T.D.*, 286 Conn. 353, 361, 944 A.2d 288 (2008). "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When . . . events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Brown* v. *Brown*, 69 Conn. App. 209, 211–12, 794 A.2d 550 (2002). A case is moot "when the court can no longer grant any practical relief." (Internal quotation marks omitted.) *Wyatt Energy, Inc.* v. *Motiva Enterprises, LLC*, 81 Conn. App. 659, 661, 841 A.2d 246 (2004).

In *Stanley's Appeal from Probate*, 80 Conn. App. 264, 834 A.2d 773 (2003), two conservators were appointed over the estate and person of Ann Stanley. An appeal was taken, and during the pendency of that appeal, the appointments were terminated upon the conserved person's motion. Id., 266. Subsequently, the Probate Court awarded fees to one of the conservators, to the conserved person's attorney, and to the court appointed guardian ad litem. Id. The trial court concluded that its order terminating the conservatorships mooted the appeal of the appointment of conservators of the conserved person's estate and person. Id. The question on

appeal to this court was whether the termination of a conservatorship rendered moot the issue of whether a conservator should have been appointed in the first instance. Id. We held that it did not.[6] Id., 268.

The subsequent appointment by the Probate Court on December 13, 2012, of Harmon as conservator of the person and estate of the plaintiff distinguishes the present case from *Stanley's Appeal from Probate* because it settled the question of whether such an appointment should be made, and that it should be Harmon and not Laurie Wright. The appointment of Harmon as conservator was a subsequent event, a final judgment from which no appeal was taken that resolved the issues of whether a conservator should be appointed, and if so whom that person should be.[7] Accordingly, no further relief could be granted to the plaintiff in this appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

* April 14, 2014, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] We sua sponte ordered supplemental briefs from the parties addressing the following question: "Did the failure of the appellant to appeal Judge Fox's decision of December 13, 2012, render the plaintiff's appeal of Judge Tierney's decision of February 21, 2013 moot?"

[2] The application for appointment of a conservator refers to Elizabeth Wright as "Beth H. Wright."

[3] In a memorandum of law addressed to the Probate Court, Keogh explained the reasons for his resignation as conservator. General Statutes § 45a-650 (h) provides that the court may not appoint a neutral, third party conservator without first taking evidence of the proposed conservator's suitability and qualifications, and without giving interested parties an opportunity to present evidence. Keogh believed that because no hearing was held to consider his qualifications to serve as conservator, his appointment ultimately would be vacated on appeal to the Superior Court. He resigned his appointment, while expressing a willingness to serve as conservator following a proper appointment procedure.

[4] In its oral decision, the court expressed concern that the plaintiff's appeal may be untimely. The plaintiff appeals a matter heard by the Probate Court under General Statutes § 45a-650. General Statutes § 45a-186 (a) provides in pertinent part: "[A]ny person aggrieved by any order, denial or decree of a court of probate in any matter . . . may, not later than forty-five days after the mailing of an order, denial or decree for a matter heard under any provision of . . . [General Statutes §§] 45a-644 to 45a-677, inclusive . . . appeal therefrom to the Superior Court." Notice of the Probate Court's September 28, 2012 decree was mailed to the parties on October 16, 2012. Accordingly, the plaintiff's November 27, 2012 appeal to the Superior Court was timely filed within the forty-five day time limit.

[5] General Statutes § 45a-650 (h) provides in relevant part: "In considering whom to appoint as conservator, the court shall consider (1) the extent to which a proposed conservator has knowledge of the respondent's or conserved person's preferences regarding the care of his or her person or the management of his or her affairs, (2) the ability of the proposed conservator to carry out the duties, responsibilities and powers of a conservator, (3) the cost of the proposed conservatorship to the estate of the respondent or conserved person, (4) the proposed conservator's commitment to promoting the respondent's or conserved person's welfare and independence, and (5) any existing or potential conflicts of interest of the proposed conservator."

[6] A second rationale for our conclusion in *Stanley's Appeal from Probate*, supra, 80 Conn. App. 268, that the appeal was not moot was that the appellant challenged the Probate Court's award of fees. This rationale is not germane to the present case.

[7] In her supplemental brief, the plaintiff cites no legal authority to explain

why her failure to appeal Judge Fox's decision of December 13, 2012, appointing Harmon as conservator, did not render moot her appeal of Judge Tierney's judgment of February 21, 2013. Rather, she argues that, "It is incomprehensible to fathom why the Plaintiff-Appellant's failure to appeal the subsequent decision of the Probate Court appointing her nominee as interim conservator, until the determination of whether there should even be a conservator in the first place, would somehow render moot the appeal of the real gravamen of the appeal." The resignation of Keogh as conservator and the subsequent judgment appointing Harmon rendered an appeal from Keogh's appointment moot. When the plaintiff did not appeal, that judgment became final. Thus, no further relief could be accorded to her. See *Iacurci* v. *Wells*, 108 Conn. App. 274, 276, 947 A.2d 1034 (2008).

----