******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# IN RE PROBATE APPEAL OF STEPHEN TUNICK
## (AC 43486)

Bright, C. J., and Moll and Bear, Js.

*Syllabus*

The plaintiff T appealed to the Superior Court from the decree of the Probate Court approving the payment of attorney's fees to the defendant D for services rendered to certain cotrustees of a trust of which T was a remainder beneficiary. In 2017, T filed the underlying probate appeal, asserting that he was aggrieved by the decree. In 2019, the trial court dismissed the appeal following a trial de novo, concluding that T had failed to demonstrate that he was aggrieved because, inter alia, distribution of the attorney's fees to D was premature in light of a pending forensic accounting. Following the judgment of dismissal, but before the plaintiff filed the present appeal, the successor trustee of the trust, M, filed with the Probate Court a motion for advice, requesting permission to distribute trust funds to D for his attorney's fees. The Probate Court then issued a second decree allowing the distribution to D. T filed another probate appeal to the Superior Court from the second decree, which remains unresolved. Subsequently, T appealed to this court, claiming that the trial court improperly concluded that he was not aggrieved by the first probate decree and failed to consider certain trust documents in rendering its judgment. *Held* that this court concluded that it need not examine the merits of T's claims, the appeal having been rendered moot following the entry of the second probate decree; moreover, if this court were to grant the relief requested by T, it would have been purely academic because the first probate decree, wherein the Probate Court authorized the payment of attorney's fees to D, was superseded by the second probate decree, wherein the Probate Court permitted M to distribute the same funds to D, and, accordingly, the first probate decree was no longer in effect and no practical relief could be afforded to T as to that decree; furthermore, proceedings in the second probate appeal, which encompassed the same claims raised by T in the first probate appeal, remained ongoing.

Argued November 8, 2021—officially released October 4, 2022

*Procedural History*

Appeal from the decree of the Probate Court for the district of Greenwich approving the payment of attorney's fees to the defendant Richard S. DiPreta, brought to the Superior Court in the judicial district of Stamford-Norwalk and tried to the court, *Sommer, J.*; judgment dismissing the appeal, from which the plaintiff appealed to this court. *Appeal dismissed.*

*Laurel Fedor*, for the appellant (plaintiff).

*Cynthia Andrews DiPreta*, for the appellee (defendant).

*Opinion*

MOLL, J. The plaintiff, Stephen Tunick, appeals from the judgment of the trial court dismissing his appeal from a probate decree approving the payment of attorney's fees to the defendant, Richard S. DiPreta. On appeal, the plaintiff claims that the court improperly (1) concluded that he was not aggrieved by the probate decree and (2) failed to consider certain trust documents in rendering its judgment. We do not reach the merits of these claims because we conclude that the probate decree at issue in this appeal was superseded by a subsequent probate decree, which is the subject of a separate probate appeal pending in the Superior Court, and, therefore, we dismiss this appeal as moot.

The following facts, as found by the trial court or as undisputed in the record, and procedural history are relevant to our disposition of this appeal. The plaintiff is a remainder beneficiary of a trust executed in 1981 by the plaintiff's father, who died in 1997. At the time of the father's death, there were three cotrustees of the trust: (1) the plaintiff; (2) the plaintiff's sister, Barbara Tunick (Barbara); and (3) the plaintiff's mother, Sylvia Tunick (Sylvia). On July 7, 2004, the Probate Court for the district of Greenwich, *Caruso, J.*, removed the plaintiff as cotrustee of the trust. Thereafter, Barbara and Sylvia continued to function as cotrustees of the trust until June 11, 2013, when the Probate Court, *Hopper, J.*, removed them from those roles and appointed Richard J. Margenot as the successor trustee.

In March, 2015, the defendant filed with the Probate Court a petition seeking approval and payment of attorney's fees for services that he had rendered to Barbara and Sylvia in their capacities as cotrustees of the trust. On March 7, 2017, the Probate Court issued a decree approving the payment of $109,133.74 to the defendant (2017 probate decree).

Soon thereafter, the plaintiff filed the underlying probate appeal in the Superior Court challenging the 2017 probate decree (2017 probate appeal). In his operative complaint, which was his second revised complaint filed on November 15, 2018, the plaintiff asserted that he was aggrieved by the 2017 probate decree on the basis of his belief "that the [attorney's] fees have been double billed and reimbursement has already been made with prior distributions as accounted for in the trust accountings. Such accountings are currently being investigated pursuant to [a civil] action in the Superior Court [commenced by the plaintiff in 2017; see *Tunick* v. *Tunick*, Superior Court, judicial district of Fairfield, Docket No. CV-16-5031896-S (2017 civil action)]; for breach of fiduciary duty against the former trustees of the [trust]. The Probate Court has entered orders to appoint an independent forensic accountant to determine indiscretions and/or illegal acts of the trustees.

Therefore, any distribution, if warranted, is premature until the forensic accounting has been completed."[1]

On May 10, 2019, following a trial de novo, the trial court, *Sommer, J.*, issued a memorandum of decision dismissing the 2017 probate appeal.[2] The court concluded that the plaintiff failed to demonstrate that he was aggrieved by the 2017 probate decree because, as he had asserted in his operative complaint, distribution of the $109,133.74 sum to the defendant was "premature in light of the pending forensic accounting"[3] referenced in the plaintiff's operative complaint. The court further concluded that the claims raised by the plaintiff were outside of the scope of the 2017 probate decree from which he appealed. The court also declined to order payment of the $109,133.74 sum to the defendant on the ground that payment was premature in light of the pending forensic accounting. Additionally, addressing "an issue of the procedure for application of payment of attorney's fees," the court determined that, "because . . . attorney's fees are a personal obligation of [a] fiduciary, in this case the trustees, the request for approval and payment [of the $109,133.74 sum] from the trust must be made by the trustees, not the payee attorney." On October 11, 2019, after the court had denied a motion for clarification and reargument that the plaintiff had filed,[4] the plaintiff filed this appeal taken from the May 10, 2019 judgment.

On June 3, 2019, following the May 10, 2019 judgment but before the plaintiff had filed this appeal, Margenot, acting in his capacity as successor trustee, filed with the Probate Court a motion for advice, requesting permission to distribute $109,133.76 in trust funds to the defendant "in light of" the May 10, 2019 judgment dismissing the 2017 probate appeal. On July 1, 2019, the Probate Court, *Hopper, J.*, issued a decree allowing the distribution of $109,133.76 to the defendant (2019 probate decree).[5]

Subsequently, the plaintiff filed with the Superior Court an appeal from the 2019 probate decree. See *Tunick* v. *DiPreta*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-19-6042945-S (2019 probate appeal). In his most recent complaint filed in the 2019 probate appeal, which is his second revised complaint filed on June 28, 2021, the plaintiff asserted as follows with respect to the portion of the 2019 probate decree authorizing payment of the $109,133.76 sum to the defendant:

"(i) The [plaintiff] has claimed that the [attorney's] fees have been double billed and reimbursement has already been made with prior distributions as accounted for in the trust accountings.

"(ii) The [Probate] Court failed to take the double billing into consideration, thereby reducing the defendant's claimed attorney's fees owed.

"(iii) Such accountings are currently being investigated pursuant to [the 2017 civil action] . . . .

"(iv) The Probate Court has entered orders to appoint an independent forensic accountant to determine if there are indiscretions and/or illegal acts of the [t]rustees.

"(v) The forensic accountant is appointed and working on the review.

"(vi) Therefore, any distribution [of the attorney's fees] is erroneous . . . . The [plaintiff] has been aggrieved by the distribution of said attorney's fees . . . ." (Citation omitted.) To date, the plaintiff's claim in the 2019 probate appeal concerning the $109,133.76 sum remains unresolved.[6]

The plaintiff raises two claims on appeal. First, he asserts that the court improperly concluded that he was not aggrieved by the 2017 probate decree. Second, he asserts that the court improperly failed to consider certain trust documents before rendering the May 10, 2019 judgment. We need not examine the merits of these claims because we conclude that this appeal has been rendered moot following the entry of the 2019 probate decree.[7]

"Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . Because mootness implicates subject matter jurisdiction, it presents a question of law over which our review is plenary. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition or affairs between the parties. . . . A case is moot when due to intervening circumstances a controversy between the parties no longer exists." (Internal quotation marks omitted.) *Barber* v. *Barber*, 193 Conn. App. 190, 220–21, 219 A.3d 378 (2019).

The plaintiff requests as relief on appeal that we reverse the May 10, 2019 judgment and remand the case to the Superior Court with direction to sustain the 2017 probate appeal taken from the 2017 probate decree or, alternatively, to conduct a new trial. Granting such relief would be purely academic. The 2017 probate decree, wherein the Probate Court, in acting on a petition filed by the defendant, authorized payment of the $109,133.74 sum to the defendant, was superseded by the 2019 probate decree, wherein the Probate Court, in resolving a motion filed by Margenot, permitted Margenot to distribute the same funds to the defendant. See footnote

5 of this opinion. Accordingly, the 2017 probate decree is no longer in effect and no practical relief can be afforded to the plaintiff as to that decree, rendering this appeal moot.[8] See, e.g., *Dempsey* v. *Cappuccino*, 200 Conn. App. 653, 659, 240 A.3d 1072 (2020) (subsequent visitation orders superseded orders challenged on appeal, rendering appeal moot); *Thunelius* v. *Posacki*, 193 Conn. App. 666, 686, 220 A.3d 194 (2019) (subsequent orders addressing appointment of guardian ad litem for child superseded order challenged on appeal, rendering portion of appeal moot). Moreover, as we noted earlier in this opinion, proceedings in the 2019 probate appeal, which encompasses the same claims raised by the plaintiff in the 2017 probate appeal, remain ongoing. See *Murphy's Appeal from Probate*, 22 Conn. App. 490, 496–97, 578 A.2d 661 (in affirming Superior Court's judgment dismissing plaintiff's probate appeals, which challenged orders concerning administration of estate, as moot following distribution of estate's property and approval of final accounting, agreeing with Superior Court's conclusion that separate, pending probate appeal taken by plaintiff from approval of final accounting "sufficiently protect[ed]" plaintiff's rights), cert. denied, 216 Conn. 823, 581 A.2d 1057 (1990).

The appeal is dismissed.

In this opinion the other judges concurred.

[1] On June 12, 2018, in granting a motion to strike filed by the defendant, the trial court, *Jacobs, J.*, struck portions of the plaintiff's original complaint filed in the 2017 probate appeal. The plaintiff's operative complaint contained three subparagraphs that were intentionally left blank and not repleaded in order to preserve his appellate rights. The June 12, 2018 decision is not at issue in this appeal.

[2] We observe that "[a]n appeal from a Probate Court to the Superior Court is not an ordinary civil action. . . . When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate. . . . In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court. . . . When, as here, no record was made of the Probate Court proceedings, the absence of a record requires a trial de novo." (Citation omitted; internal quotation marks omitted.) *Silverstein* v. *Laschever*, 113 Conn. App. 404, 409, 970 A.2d 123 (2009).

[3] On January 31, 2017, the Probate Court, *Hopper, J.*, in acting on a motion to compel an independent forensic accounting filed by the plaintiff, issued an order, with the agreement of the parties, appointing an accounting firm to perform a forensic accounting "of all [t]rust finances from the period of 1997 to [September 11, 2013]."

[4] On May 30, 2019, the plaintiff filed a motion for clarification and reargument, which the court, *Hernandez, J.*, denied on June 17, 2019. On June 26, 2019, the plaintiff filed a motion to reargue and to vacate Judge Hernandez' order, arguing that the motion for clarification and reargument should have been adjudicated by Judge Sommer, who had rendered the May 10, 2019 judgment. Thereafter, on September 23, 2019, Judge Sommer issued an order stating that "[t]he court confirms that it has considered the plaintiff's motion [for clarification and reargument] and the motion is denied."

[5] There is a minute discrepancy between the $109,133.76 figure set forth in the 2019 probate decree, as well as in Margenot's motion for advice, and the $109,133.74 figure set forth in the 2017 probate decree. We do not consider this discrepancy to be of import, and we construe the attorney's fees at issue in the 2017 probate decree and the 2019 probate decree to be one and the same. During the trial de novo held in the 2017 probate appeal, the defendant testified that $109,133.74 was the sum that he sought vis-à-

vis the March, 2015 petition that led to the 2017 probate decree. Moreover, in the motion for advice, Margenot sought permission to distribute trust funds to the defendant "in light of" the May 10, 2019 judgment.

We also note that the 2019 probate decree addressed the payment of other fees, which are not germane to this appeal.

[6] On July 17, 2019, after the 2019 probate decree had been issued, the plaintiff filed with the Superior Court in the 2017 probate appeal a motion for contempt, asserting that Margenot improperly had disbursed trust funds to the defendant in violation of a stay imposed by the court in this matter on May 30, 2017, and without court approval. On December 9, 2019, the court, *Krumeich, J.*, issued a memorandum of decision in which it found that, by way of a check dated July 10, 2019, Margenot had paid the defendant $109,133.76, which the defendant then had deposited into his law firm's bank account. The court denied the motion for contempt, but ordered the defendant to deposit $109,133.74 into a separate interest bearing account, with such funds and any accrued interest not to be "disbursed until th[is] appeal from Judge Sommer's [May 10, 2019 judgment] has been decided and the rights to receive the funds has been adjudicated or until further order." We note that the sum that Judge Krumeich found Margenot to have paid to the defendant ($109,133.76) is not the same as the sum that Judge Krumeich enjoined the defendant from disbursing ($109,133.74). As we explain in footnote 5 of this opinion, this discrepancy is of no import.

[7] On November 1, 2021, after the parties had filed their respective appellate briefs and in advance of oral argument before this court, we ordered sua sponte that "counsel should be prepared to address at oral argument how, if at all, the proceedings in [the 2019 probate appeal] affect this appeal. This includes, but is not necessarily limited to, whether the appeal should be dismissed (1) for lack of aggrievement in the event the court concludes that the plaintiff has in effect received the relief he requested in the trial court; see *In re Allison G.*, 276 Conn. 146, 158 [883 A.2d 1226] (2005); or, alternatively, (2) on the ground that the appeal is moot because the underlying probate order has been superseded by a subsequent probate order addressing the same issue. See *Thunelius* v. *Posacki*, 193 Conn. App. 666, 686 [220 A.3d 194] (2019)." Because we conclude that this appeal is moot, we need not address the issue of aggrievement.

[8] After we had heard oral argument in this appeal, the plaintiff filed an appeal with the Superior Court taken from a probate decree issued on December 21, 2021. See *Tunick* v. *DiPreta*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-22-6055088-S. This probate decree addressed, inter alia, a separate application filed by the defendant seeking the payment of attorney's fees. In adjudicating the application, the Probate Court, *Hopper, J.*, authorized the payment of $140,252.69 to the defendant. It is not clear whether the $140,252.69 sum encompasses the attorney's fees at issue in this appeal. Whatever the nature of the $140,252.59 sum may be, our conclusion that this appeal is moot remains unchanged.