# STATE OF CONNECTICUT *v.* EARL JACOBS
## (SC 16835)

Sullivan, C. J., and Borden, Katz, Vertefeuille and Zarella, Js.

Argued May 20—officially released August 12, 2003

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Roslyn Fleisher*, senior assistant state's attorney, for the appellant (state).

*Annacarina DelMastro*, assistant public defender, for the appellee (defendant).

*Opinion*

PER CURIAM. This certified appeal involves the proper standard to be applied by the trial court in authorizing the involuntary medication of an incompetent criminal defendant to render him competent to stand trial. The state appeals from the Appellate Court's affirmance of the trial court's order involuntarily to medicate the defendant, Earl Jacobs, who is incompetent. The state challenges the Appellate Court's conclusion that the defendant's first and sixth amendment rights were implicated by the trial court's order. We vacate the judgment of the Appellate Court.

The record reveals the following procedural history. The defendant was charged with simple trespass in violation of General Statutes § 53a-110a, breach of the peace in violation of General Statutes (Rev. to 1999) § 53a-181, assault of a peace officer in violation of General Statutes (Rev. to 1999) § 53a-167c, interfering with an officer in violation of General Statutes § 53a-167a and carrying a dangerous weapon in violation of General Statutes (Rev. to 1999) § 53-206 (a). *State* v. *Jacobs*, 70 Conn. App. 488, 492, 802 A.2d 857 (2002). The trial court found the defendant incompetent to stand trial and, in an attempt to restore the defendant to competency, remanded him to the custody of the department of mental health and addiction services for inpatient services. The defendant, however, refused to cooperate with his attorney and health care personnel. The trial court, in conformance with General Statutes § 54-56d

(k) (2)[1] and *State* v. *Garcia*, 233 Conn. 44, 658 A.2d 947 (1995), on appeal after remand, 235 Conn. 671, 669 A.2d 573 (1996), held a hearing to determine whether the defendant should be medicated involuntarily to restore his competence to stand trial. On January 27, 2000, the trial court ruled that the state had met its burden of proof pursuant to § 54-56d (k) (2) and ordered the defendant to be involuntarily medicated. *State* v. *Jacobs*, supra, 493–95.

The defendant appealed to the Appellate Court claiming that the trial court's decision should be reversed "because forced medication in this case would violate the defendant's rights under the first, sixth and fourteenth amendments to the United States constitution . . . ." Id., 490. The state claimed that review of the trial court's order was limited to whether involuntary medication would violate the defendant's fourteenth amendment rights. Id., 505. The Appellate Court concluded that the defendant's first and sixth amendment rights were implicated by the order involuntarily to medicate him. Id. Applying the standard adopted by this court in *State* v. *Garcia*, supra, 233 Conn. 84–86, and codified as § 54-56d (k) (2), the Appellate Court

[1] General Statutes § 54-56d (k) (2) provides in relevant part: "If the court finds that the defendant will not attain competency . . . absent administration of psychiatric medication for which the defendant is unwilling or unable to provide consent, and after any hearing held . . . [to consider the report submitted to the court by the defendant's health care guardian], it may order the involuntary medication of the defendant if it finds by clear and convincing evidence that: (A) To a reasonable degree of medical certainty involuntary medication of the defendant will render the defendant competent to stand trial, (B) an adjudication of guilt or innocence cannot be had using less intrusive means, (C) the proposed treatment plan is narrowly tailored to minimize intrusion on the defendant's liberty and privacy interests, (D) the proposed drug regime will not cause an unnecessary risk to the defendant's health, and (E) the seriousness of the alleged crime is such that the criminal law enforcement interest of the state in fairly and accurately determining the defendant's guilt or innocence overrides the defendant's interest in self-determination."

further concluded, however, that "involuntary medication will serve the government's interest in rendering the defendant competent, while at the same time protecting the defendant to the extent possible." *State* v. *Jacobs*, supra, 70 Conn. App. 515. On that basis, the Appellate Court affirmed the trial court's order. Id.

Both parties sought certification to appeal from the judgment of the Appellate Court. The defendant's petition for certification was denied. *State* v. *Jacobs*, 261 Conn. 929, 806 A.2d 1068 (2002). The state's petition for certification was granted, limited to the following certified question: "Did the Appellate Court properly conclude that the defendant had first and sixth amendment rights that the trial court must consider during a hearing pursuant to . . . § 54-56d (k) (2) and *State* v. *Garcia*, [supra, 233 Conn. 44]?" *State* v. *Jacobs*, 261 Conn. 929, 930, 806 A.2d 1068 (2002). Oral arguments on this matter were heard on May 20, 2003.

On June 16, 2003, the United States Supreme Court issued its ruling in the case of *Sell* v. *United States*, 539 U.S. 166, 123 S. Ct. 2174, 156 L. Ed. 2d 197 (2003). The Supreme Court concluded that "the [federal] [c]onstitution permits the [g]overnment involuntarily to administer antipsychotic drugs to a mentally ill defendant facing serious criminal charges in order to render that defendant competent to stand trial, but only if the treatment is medically appropriate, is substantially unlikely to have side effects that may undermine the fairness of the trial, and, taking account of less intrusive alternatives, is necessary significantly to further important governmental trial-related interests." Id., 179. This standard differs from the standard adopted by this court in *State* v. *Garcia*, supra, 233 Conn. 84–86, in several respects. Relevant to the limited certified question before this court,[2] *Sell* requires that the trial court consider a defen-

---

[2] We also note that *Sell* differs from *Garcia* in other respects, not raised by the certified question in the present case.

dant's fair trial rights, which are encompassed by the sixth amendment.[3] Accordingly, *Garcia* was superseded by *Sell*. Because the trial court applied the *Garcia* standard, and because we conclude that the standard articulated by the United States Supreme Court in *Sell* applies to the circumstances of the present case, the judgment of the Appellate Court must be vacated and the case must be remanded to the Appellate Court with direction to remand the case to the trial court for a new hearing on all issues in conformance with the United States Supreme Court opinion in *Sell*.

The judgment of the Appellate Court is vacated and the case is remanded with direction to vacate the trial court order for involuntary medication and to remand the case to the trial court for further proceedings.

---

[3] We note that the petitioner in *Sell* claimed that he had a "fundamental, [f]irst [a]mendment right to avoid forced medication aimed at changing the way he thinks." The standard articulated in *Sell* did not, however, require that the trial court consider a defendant's first amendment rights in determining whether involuntary medication is proper. The United States Supreme Court, thus, implicitly rejected the petitioner's claim that an incompetent defendant has a first amendment right to avoid involuntary medication.