ANNE B. LESNEWSKI *v.* TREVOR S. REDVERS
(SC 17377)

Sullivan, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

Argued September 6—officially released December 27, 2005

*Royal J. Stark*, with whom, on the brief, were *Richard Small* and *Lisa Barry*, certified legal interns, for the appellant (plaintiff).

*George C. Heck*, for the appellee (defendant).

*Shelley A. White* filed a brief for Advocacy Unlimited, Inc., et al. as amici curiae.

*Opinion*

VERTEFEUILLE, J. The plaintiff, Anne B. Lesnewski, appeals from the judgment of the Superior Court dismissing her appeal from the Probate Court's decree approving the petition of the defendant, Trevor S. Redvers, her conservator, for additional compensation under General Statutes § 45a-594 (a). The plaintiff claims that the trial court improperly determined that it lacked subject matter jurisdiction to hear her appeal. We agree with the plaintiff, and, accordingly, we reverse the judgment of the trial court.

The record reveals the following facts and procedural history. The plaintiff is a conserved person with regard

to both her estate and person.[1] The defendant is the plaintiff's former court-appointed conservator. During the period that the defendant acted as the plaintiff's conservator, the plaintiff resided in humane institutions of the state of Connecticut and was supported, in whole or in part, by the state.

On February 14, 2002, the defendant submitted to the Probate Court an interim accounting of the plaintiff's estate for the prior year. The interim accounting showed that during the prior year, the plaintiff had a gross income of $10,059.96 and the defendant was claiming a fee of $4087.50 for his services. On September 16, 2002, the defendant filed with the Probate Court a final accounting of the plaintiff's estate covering the period from February 15, 2002, to September 16, 2002. The final accounting revealed that the plaintiff's gross income for this period was $5720.69 and the defendant's claimed fee for his services was $2287.50. The defendant also filed a petition for additional compensation under § 45a-594 (a),[2] which would enable him to receive compensation in excess of 5 percent of the plaintiff's gross income for any accounting period. The plaintiff, through her

[1] Under Connecticut's statutory scheme, two types of conservatorships may be established. A conservator of the estate is appointed to "supervise the financial affairs of a person found to be incapable of managing his or her own affairs" or of a person who voluntarily requests the Probate Court to make such an appointment. General Statutes § 45a-644 (a). A conservator of the person is appointed to "supervise the personal affairs of a person found to be incapable of caring for himself or herself" or of a person who voluntarily requests the Probate Court to make such an appointment. General Statutes § 45a-644 (b).

[2] General Statutes § 45a-594 (a) provides in relevant part: "Compensation payable to the conservator or guardian of any person who is supported wholly or in part by the state in any humane institution, or who is receiving benefits under any of the state's programs of public assistance, shall be based upon services rendered and shall not exceed five per cent of the gross income to the estate during the period covered by any account. . . . If extraordinary services are rendered by any conservator or guardian, the court of probate, upon petition and hearing, may authorize reasonable additional compensation. . . ."

attorney, opposed the interim and final accountings, as well as the defendant's petition for additional compensation. The Probate Court issued decrees approving both the interim and final accountings, and the defendant's petition for additional compensation, but limited his approved compensation to $4750 for both accounting periods. On the same date, the Probate Court also ordered the plaintiff's estate to pay the court fees and attorney's fees, and removed the defendant as the plaintiff's conservator. No successor conservator was appointed at that time.[3]

The plaintiff, pursuant to General Statutes § 45a-186, timely appealed from the decrees of the Probate Court to the Superior Court. On appeal, the plaintiff challenged the Probate Court's allowance of additional compensation and the requirement that the plaintiff's estate pay attorney's fees and Probate Court fees. After a one day trial, the trial court, on its own motion, dismissed the plaintiff's appeal. The trial court determined that, because the plaintiff had been adjudicated incompetent to handle her affairs, the appeal only could have been brought by her conservator, a guardian ad litem, or next friend. Therefore, the trial court concluded that, because the plaintiff had brought the appeal on her own with only the assistance of counsel, it "does not have jurisdiction."[4] This appeal followed.[5]

---

[3] At oral argument in this court, both parties acknowledged that a successor conservator had not been appointed at the time the plaintiff brought her appeal to the Superior Court.

[4] The trial court did not specify the type of jurisdiction at issue. Based on the timing of the dismissal, the trial court must have concluded that it lacked subject matter jurisdiction because personal jurisdiction was waived as it was not raised by a motion to dismiss prior to the filing of the defendant's answer or within thirty days from filing an appearance. See Practice Book §§ 10-32, 10-30 and 10-6. In contrast, a claim of lack of subject matter jurisdiction cannot be waived; Practice Book § 10-33; and can be raised at any time. *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005).

[5] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we thereafter transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

On appeal, the plaintiff claims that the trial court improperly determined that a conserved person represented by counsel could not appeal a Probate Court decree in her own name. Specifically, the plaintiff argues that the trial court improperly relied on the general rule stated in *Cottrell* v. *Connecticut Bank & Trust Co.*, 175 Conn. 257, 398 A.2d 307 (1978), that incapable persons cannot bring an appeal without a guardian or next friend, because subsequent decisions of this court have created exceptions to that rule that are applicable in the present case. In the alternative, the plaintiff claims that even if a conserved person is required to bring an appeal through a conservator, guardian ad litem, or next friend, the trial court improperly determined that the failure to do so deprives the court of subject matter jurisdiction. Rather, the plaintiff argues that she should have been given notice of this irregularity of form and an opportunity to amend it. In response, the defendant contends that the trial court properly determined that a conserved person cannot initiate an appeal in her own name and, therefore, the plaintiff's appeal properly was dismissed for lack of subject matter jurisdiction. In particular, the defendant argues that the exceptions recognized by this court since *Cottrell* are inapplicable in the present case and that any additional exceptions would undermine the public policies embodied in the Probate Court system. We first conclude that the issue presented in this case does not raise a question of subject matter jurisdiction. We further conclude that an exception to the rule barring incapable persons from appealing in their own name may extend to the plaintiff, if she can persuade the trial court, after a hearing, that it would be in her best interests to bring this appeal.[6]

---

[6] The following parties filed an application for permission to file a brief as amici curiae: Connecticut Legal Rights Project, Inc., Advocacy Unlimited, Inc., Center for Public Representation, Connecticut Civil Liberties Union, Connecticut Office of Protection and Advocacy for Persons with Disabilities, Disability Resource Center of Fairfield County, Mental Health Association

We begin with the issue of subject matter jurisdiction, which "is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) *New England Pipe Corp.* v. *Northeast Corridor Foundation*, 271 Conn. 329, 334, 857 A.2d 348 (2004). The Superior Court has the statutory authority to hear and determine appeals brought by a person aggrieved by any Probate Court order, denial or decree. General Statutes § 45a-186. An appeal by a person lacking legal capacity brought without the aid of a guardian or next friend involves a question of "an amendable irregularity which could be waived." (Internal quotation marks omitted.) *Newman* v. *Newman*, 235 Conn. 82, 102, 663 A.2d 980 (1995). Thus, the issue presented by this appeal is whether the plaintiff's attempt to appeal in her own name with only the assistance of her attorney constitutes an irregularity that requires dismissal of her appeal.[7] As this is a question of law, our review is plenary. See *First Union National Bank* v. *Hi Ho Mall Shopping Ventures, Inc.*, 273 Conn. 287, 291, 869 A.2d 1193 (2005).

of Connecticut, National Association for Rights Protection and Advocacy, South Central Behavioral Health Network, and Western Connecticut Association for Human Rights filed an application for permission to file an amici curiae brief. This application was granted and the amici brief was filed on February 4, 2005. Subsequently, the defendant moved to strike the amici brief because the Connecticut Legal Rights Project, Inc., previously had represented the plaintiff in matters before the Probate Court, including proceedings in the present litigation. We granted the defendant's motion to strike, but provided the remaining amici additional time to file a substitute brief. A substitute amici brief was filed on June 2, 2005, in which the amici argue that the general rule as set forth in *Cottrell* deprives conserved persons of their constitutional right to have access to the courts. Because neither of the parties in the present case has raised this constitutional claim, we decline to consider the amici's argument. See *Dow & Condon, Inc.* v. *Brookfield Development Corp.*, 266 Conn. 572, 595, 833 A.2d 908 (2003).

[7] Because we conclude that the plaintiff's failure to appeal through a guardian ad litem or next friend may not constitute an irregularity requiring dismissal, we need not reach the issue of whether the defendant waived this issue or if the plaintiff should be given leave to amend.

We begin our analysis with *Cottrell* v. *Connecticut Bank & Trust Co.*, supra, 175 Conn. 259, in which this court considered the same question that is squarely before the court in the present case: whether an adjudicated incapable person[8] may appeal in her own name as an aggrieved party from a Probate Court decree. In *Cottrell*, the plaintiff sought to appeal from an order from the Probate Court approving an accounting of her deceased mother's estate. Id., 258. The defendant administrators of that estate filed a plea in abatement alleging that the plaintiff was legally incapable of bringing the appeal because the Probate Court had appointed a guardian ad litem to represent her in the settlement of her mother's estate and a conservator of her estate also had been appointed. Id., 258–59. The plaintiff's guardian ad litem had refused to file such an appeal. Id., 262. The trial court overruled the plaintiff's demurrer to the plea in abatement and, upon her failure to plead further, the trial court rendered judgment for the defendants. Id., 259.

On appeal, the plaintiff argued that an incapable person "may initiate proceedings in his or her own name to recover property." Id. This court disagreed and cited the general rule that an individual who has been adjudicated incapable cannot initiate a suit or bring an appeal on her own behalf. Id., 261. The court noted, however, that prohibiting the plaintiff from filing an appeal under the circumstances of that case would be incongruous with the purpose of appointing a legal representative, which is to ensure that the incapable person is well

[8] In *Cottrell* v. *Connecticut Bank & Trust Co.*, supra, 175 Conn. 259, 261, the court referred to the plaintiff as "incompetent." Specifically, the plaintiff in *Cottrell* had a conservator of her estate and a guardian ad litem to represent her interests in connection with the settlement of her mother's estate. Id., 258–59. As a matter of consistency, in this opinion we will refer to individuals for whom a conservator has been appointed as conserved persons. Further, we will refer to the broader category of persons for whom conservators, guardians, or both have been appointed, as incapable persons.

represented. Id., 263. The court therefore concluded that "where, as here, those appointed to protect the interest of an [incapable person] fail to appeal from a decision in which the [incapable person] has a real interest, an action may be brought by a next friend in order that a court may review the substantive issues involved." Id., 265. In crafting this exception, the court noted that the legal disability of an adult incapable person is analogous to that of a minor, and it had been a long established practice in this state to permit minors to initiate a court action through a next friend. Id., 264; see generally *Orsi* v. *Senatore*, 230 Conn. 459, 467, 645 A.2d 986 (1994) (stating that minors may sue by next friend notwithstanding existence of guardian when "the guardian is absent, or is unwilling or unable to institute or prosecute the required action or appeal, and especially when, though declining to take such action himself, he does not forbid such proceeding, or when he is disqualified by interest hostile to that of the infant, or is for other reasons an improper or unsuitable person to prosecute such actions on behalf of the ward" [internal quotation marks omitted]).

The plaintiff in the present case, however, did not bring her appeal through a next friend, as authorized in *Cottrell*, but instead appealed in her own name represented by counsel. She relies, in part, on *Newman* v. *Newman*, supra, 235 Conn. 82, wherein the court, in the legally analogous context of minor children, concluded that, under certain circumstances, minors represented by counsel may initiate an appeal without a guardian or next friend. In *Newman*, the trial court, under General Statutes § 46b-54, appointed an attorney to represent the minor children in the parents' dissolution of marriage action. Id., 84. The minors' attorney sought unsuccessfully to be heard in opposition to the father's motion to modify his child support payments. Id., 84–85. The mother, the custodial parent who lived out of state,

lacked the funds to travel to Connecticut to oppose the motion. Id. The trial court granted the father's motion, and the minors' attorney thereafter sought to appeal, without a guardian ad litem or next friend, from the judgment reducing the father's child support obligation. Id., 85–86. The Appellate Court dismissed the appeal because it was not brought by a guardian ad litem or next friend, and concluded that, while this was an "amendable and waivable irregularity, [it] neither had been cured by amendment nor waived by the defendant . . . ." Id., 86; see *Newman* v. *Newman,* 35 Conn. App. 449, 453–54, 646 A.2d 885 (1994).

As in *Cottrell,* this court realized that the application of a common-law rule requiring the minors' legally appointed representative to initiate an appeal may hinder the minors from enforcing their rights and, thus, undermine the very purpose of appointing a legal representative. See *Newman* v. *Newman,* supra, 235 Conn. 97–98. Accordingly, we reversed the judgment of the trial court; id., 83; and concluded that, in certain circumstances, the general rule barring minors from initiating an appeal in their own name "should give way to a right of appeal in the minor children without the necessity of an appointment of a guardian ad litem or the naming of a next friend." Id., 97–98. Such a circumstance existed when adherence to the common-law bar against bringing an appeal in their own name would result in the minors' interests going unprotected. Id., 98. We noted that this was a possibility in that case because "the custodial parent may not have the will or the wherewithal to prosecute an appeal, even if the court were to order the other party to pay attorney's fees for such an appeal . . . and . . . the ruling at issue significantly and adversely may affect the child's interest in being provided with adequate support." (Citation omitted.) Id.

In creating this exception to the judicially created, common-law rule requiring a guardian or next friend to

initiate an appeal; id., 101; this court found two factors particularly persuasive. First, we noted that § 46b-54 authorized the trial court to protect the children's interests solely through the appointment of an attorney to represent them in the dissolution action. Id., 99–100. We recognized "the fact that, in the trial court, the law deems it sufficient to protect [a minor's interests in a dissolution action] by way of an appointment of an attorney, rather than also requiring a simultaneous appointment of a guardian ad litem or the naming of a next friend, is an implicit recognition that, under most circumstances, that attorney is an appropriate adult to provide such protection." Id., 97.

Second, we noted that requiring the minors to appeal through a next friend or guardian ad litem might "elevat[e] form over substance," if the minors' attorney could properly perform both roles. Id., 98. We reasoned that "if the trial court were to be asked to appoint a guardian ad litem or to pass upon the naming of a next friend . . . solely for the purpose of permitting such an appeal, the court in doing so would have to take into account the best interests of the child. . . . Thus, in such a case, if the court were to conclude that the attorney for the minor child would be a proper person to be named as guardian ad litem or next friend for purposes of taking an appeal, requiring the additional step of formally appointing the attorney as guardian ad litem or approving the attorney as next friend would add nothing substantive to the minor [child's] rights." (Citations omitted.) Id., 98–99.

We therefore adopted the standard used in § 46b-54[9] to guide courts on when to appoint counsel for minors

[9] General Statutes § 46b-54 provides in relevant part: "(a) The court may appoint counsel for any minor child or children of either or both parties . . . if the court deems it to be in the best interests of the child or children. . . .

"(c) Counsel for the child or children shall be heard on all matters pertaining to the interests of any child . . . so long as the court deems such representation to be in the best interests of the child."

in dissolution actions, and concluded that minors may bring an appeal in their own name if they can demonstrate to the trial court that "such an appeal is in their best interests." Id., 99–100. This court acknowledged that allowing the minors to bring their appeal with just the representation of an attorney may create a "conflict in the attorney's role by conflating the role of counsel for a child with the role of a guardian ad litem or next friend. Typically, the child's attorney is an advocate for the child, while the guardian ad litem is the representative of the child's best interests. As an advocate, the attorney should honor the strongly articulated preference regarding taking an appeal of a child who is old enough to express a reasonable preference; as a guardian, the attorney might decide that, despite such a child's present wishes, the contrary course of action would be in the child's long term best interests, psychologically or financially." Id., 96; see also *State* v. *Garcia*, 233 Conn. 44, 89–91, 658 A.2d 947 (1995) (instructing trial court to appoint guardian to represent incompetent defendant's medical interests as they may diverge from his legal interests), on appeal after remand, 235 Conn. 671, 669 A.2d 573 (1996), overruled on other grounds by *State* v. *Jacobs*, 265 Conn. 396, 828 A.2d 587 (2003). Thus, the minors' ability to appeal with just the aid of an attorney must be restricted to instances "where such conflicts will not arise." *Newman* v. *Newman*, supra, 235 Conn. 97. Accordingly, we instructed the trial court to determine "that there is no conflict between the children's best interests and the children's articulated preference to bring the appeal." Id., 102.

Turning to the present case, we are confronted with a situation, like that in both *Newman* and *Cottrell*, wherein adherence to the common-law rule requiring the plaintiff to initiate court action through an appointed representative might undermine the very purpose of requiring such representation, as it will hinder

her ability to enforce her rights. Thus, we deem it appropriate to create another exception to the judicially created rule requiring incapable persons to bring suit through a guardian or next friend. We conclude that a conserved person represented by an attorney may appeal from a Probate Court decree approving her conservator's compensation without a guardian ad litem or next friend, if the conserved person, through her attorney, persuades the trial court that it is in her best interests to do so. In reaching this conclusion, we are guided by the reasoning and factors that the *Newman* court found persuasive in creating a similar exception in the context of minors because "the legal disability of an [adult incapable person] is analogous to that of a minor. . . . In each case, the purpose of providing representation is to ensure that the legal disability imposed will not undermine adequate protection of [an incapable person's] interest." (Citation omitted.) *Cottrell* v. *Connecticut Bank & Trust Co.*, supra, 175 Conn. 264; see also *Brown* v. *Eggleston*, 53 Conn. 110, 119, 2 A. 321 (1885).

In the present case, as in *Newman*, the requirement that an incapable person appeal through a guardian ad litem or next friend creates a risk that the plaintiff's legal interests will go unprotected. In *Newman* v. *Newman*, supra, 235 Conn. 85, 98, the minors had a legal representative in their custodial parent, yet she likely lacked the financial wherewithal to prosecute an appeal. In the present case, the plaintiff, at the time of the appeal, lacked a legal representative to bring the appeal because her conservator had been removed without a named successor. Thus, in both *Newman* and the present case, the incapable persons were effectively without a legal representative through whom they could bring their appeals. Further, in the present case, General Statutes § 45a-187 (a) requires appeals from Probate Court to be taken within thirty days, which left a small

window of time to obtain and appoint a new legal representative. See *Ruppert* v. *Secretary, United States Dept. of Health & Human Services*, 671 F. Sup. 151, 173 and n.32 (E.D.N.Y. 1987) (describing difficulty, in that particular case, of finding guardians ad litem to represent plaintiffs), aff'd in part, rev'd in part, *Ruppert* v. *Bowen*, 871 F.2d 1172 (2d Cir. 1989). In addition, the plaintiff has a legal interest to protect, as the ruling at issue— the approval of the former conservator's petition for additional compensation—may significantly and adversely affect the plaintiff's interest in preserving her estate. Cf. *Newman* v. *Newman*, supra, 235 Conn. 85–86, 98 (ruling approving modification of father's child support payments could significantly and adversely affect minors' interests in being provided with adequate financial support).

Moreover, the two factors the *Newman* court found persuasive in creating an exception to the common-law bar against minors initiating an appeal with only an attorney are present in this case as well. First, although less explicit than in *Newman*, the relevant statutory scheme provides an implicit recognition that the plaintiff's attorney may be an appropriate person to protect her interests. In *Newman*, we found it persuasive that § 46b-54 provided for the representation in the trial court of minor children in dissolution actions by an attorney without the simultaneous appointment of a guardian ad litem or the naming of a next friend. Id., 97. Implicit in this provision was the recognition that the attorney was an appropriate person to protect the minors' interests. Id. In the present case, § 45a-594 (a) requires the Probate Court, upon a conservator's petition for additional compensation, to hold a hearing after giving notice. General Statutes § 45a-649 (b) (2) requires the Probate Court, in certain circumstances, to appoint an attorney to represent a person subject to a petition for an involuntary conservatorship "in any proceeding

under this title involving [such an individual]." It is left to the Probate Court's discretion as to whether an incapable person also would need a guardian ad litem. See General Statutes § 45a-132 (a) and (b).[10] The statutory scheme therefore provides for the possibility that a conserved person may challenge her conservator's petition for additional compensation at a Probate Court hearing represented solely by her attorney.[11] In fact, in the present case, the plaintiff opposed the defendant's interim and final accountings, as well as his petition for additional compensation in the Probate Court through her attorney without the aid of a guardian ad litem or next friend.

Second, the principle relied on in *Newman* v. *Newman*, supra, 235 Conn. 98, that requiring the appointment of a guardian ad litem or naming of a next friend to bring an appeal when the attorney could properly serve that role would exalt form over substance, applies equally in the present case. In *Newman*, we noted that a court appointing a guardian ad litem or naming a next friend for the sole purpose of bringing the appeal would

[10] Section 45a-132 equally gives the Superior Court the discretion to appoint a guardian ad litem to represent the interests of the minor children in a dissolution action.

[11] Such a result is not an anomaly, as courts have deemed it sufficient, in other contexts, to protect a conserved person's rights through only counsel without the simultaneous assistance of a guardian ad litem or next friend. See, e.g., *Ruppert* v. *Secretary, United States Dept. of Health & Human Services*, supra, 671 F. Sup. 171–73 (rejecting as unnecessary appointment of guardians ad litem for incompetent plaintiffs in suit challenging calculation of benefits under Supplemental Security Income program); *Phoebe G.* v. *Solnit*, 252 Conn. 68, 74–75, 79 and n.10, 743 A.2d 606 (1999) (conserved person may bring suit with just attorney under Connecticut's patients' bill of rights in absence of Probate Court determination that she is incapable of exercising certain rights); *Apthorp* v. *Backus*, 1 Kirby (Conn.) 407, 413 (1788) ("the only reason why a minor is to sue by guardian, or [next friend], is, that his suit may not suffer through his want of discretion to appoint an attorney, or conduct it himself; but if it hath in fact been conducted to a successful issue, though by himself or his attorney, the design of the law is answered").

have to take into account the minors' best interests. Id. The same determination would need to be made in the context of a conserved person because, for both a minor and an adult incapable person, the court's purpose in providing them representation is to ensure that their legal disability will not undermine the adequate protection of their interests. *Cottrell* v. *Connecticut Bank & Trust Co.*, supra, 175 Conn. 264. Thus, in the present case, it would add nothing to the plaintiff's substantive rights to require an appeal to be brought by a guardian ad litem or next friend, if the court concluded that the plaintiff's attorney could properly serve that role.

Therefore, we conclude that the adoption of *Newman*'s best interests test is equally appropriate in the context of a conserved person because, as we previously have stated herein, there is no difference in the court's duty to safeguard the interests of a minor and the interests of a conserved person. See id.; 39 Am. Jur. 2d 14, Guardian and Ward § 1 (1999) ("[t]he purpose of statutes relating to guardianship is to safeguard the rights and interests of minors and [adult incapable] persons, and it is the responsibility of the courts to be vigilant in seeing that the rights of such persons are properly protected"). This is reflected in the statutory scheme governing conservatorships, which requires the Probate Court to be guided by the conserved person's best interests in establishing the conservatorship and selecting the conservator; General Statutes § 45a-650 (e); limiting the conservator's powers and duties; General Statutes § 45a-650 (h); resolving conflicts between conservators; General Statutes § 45a-657; approving a conservator's petition to sell or mortgage the conserved person's real property; General Statutes § 45a-164 (a); and determining whether to remove a conservator. General Statutes §§ 45a-242 (a) and 45a-199; see also *Brown* v. *Villano*, 49 Conn. App. 365, 373–74, 716 A.2d 111 (remanding to Superior Court to apply *Newman*'s best

interests test to determine whether conserved person's attorney may appeal Probate Court's acceptance of accounting of conserved person's estate), cert. denied, 247 Conn. 904, 720 A.2d 513 (1998). Accordingly, we conclude that the plaintiff in the present case may bring her appeal from the Probate Court's decree with just the representation of an attorney, if she can persuade the trial court, after a hearing, that such an appeal is in her best interests.

We emphasize, however, as we did in *Newman* v. *Newman*, supra, 235 Conn. 96–98, that a conserved person's right to appeal without a guardian or next friend is limited only to instances wherein the attorney's role as advocate will not conflict with the attorney's role as guardian. Such conflicts have arisen when the presence of collateral issues indicates that the incapable person's legal interests may diverge from his or her best interests, such as if there are competing issues of health or familial relations. See *State* v. *Garcia*, supra, 233 Conn. 89–91 (noting possible divergence between medical and legal interests); *In re Interest of C.W.*, 226 Neb. 719, 720–21, 414 N.W.2d 277 (1987) (recommending that mentally impaired parent's attorney not also be appointed guardian ad litem in termination of parental rights proceeding); *In re M.G.*, 137 Vt. 521, 528, 408 A.2d 653 (1979) (recommending that attorneys of patients committed to state institution for mentally impaired persons not be appointed guardians ad litem in their applications for conditional release from institution). Accordingly, if the trial court determines, after a hearing, that there is a conflict between the plaintiff's best interests and the plaintiff's articulated preference to bring the appeal herself, then the trial court properly must require the plaintiff to appeal through a guardian ad litem or next friend.

The defendant argues that any relaxation of the general rule established under *Cottrell* would allow con-

served persons to be "exploited by those who would use his or her case to vindicate their own interests."[12] We disagree. While our decision provides a conserved person with a flexible and expeditious way to appeal from a Probate Court decree adverse to her estate, it does not relax the court's duty to safeguard the conserved person's interests. As we stated previously, the plaintiff's appeal without the assistance of a conservator, guardian ad litem, or next friend can be taken only if it is determined by the trial court to be in her best interests.

The defendant argues further that the plaintiff was aware of the *Newman* test, yet failed to present facts to the trial court to satisfy her burden under that test. Accordingly, the defendant contends that the plaintiff should not be given another opportunity to prove these facts. We disagree. When the plaintiff brought this appeal, the *Newman* exception applied only to appeals brought by minors in a dissolution action. Prior to today's decision, we previously had not extended this exception to conserved persons appealing from a Probate Court decree. Accordingly, the plaintiff "must be given the opportunity to meet the requirements that we have now articulated." *Newman* v. *Newman*, supra, 235 Conn. 105. Thus, the present case must be remanded to make this determination.

Turning to the nature of the proceedings on remand, we note that the trial court, and not the Probate Court, is the appropriate court to determine whether the appeal is in the plaintiff's best interests. In *Brown* v. *Villano*, supra, 49 Conn. App. 373, the Appellate Court

---

[12] The defendant also contends that the right of conserved persons to sue should not be extended to give them the right to sue in all matters because it would undermine public confidence in dealing with conservators. This argument need not be addressed because it is based on the faulty premise that today's decision gives incapable persons a broad right to bring an action in their own names in all matters.

determined that as a matter of judicial economy, the trial court, and not the Probate Court, was the proper court to determine whether an appeal from a Probate Court decree was in an incapable person's best interests. The Appellate Court reasoned that it could be duplicative for the Probate Court to make that determination because, in the event of an appeal, its decision would be subject to a de novo review in the trial court. Id. Further, the Appellate Court noted that, because the evidence to be presented to show that the appeal is in the incapable person's best interests would likely be similar to that presented on the merits of the appeal, it would be more efficient for the trial court to hold this hearing. Id. In the present case, these same issues of judicial economy and efficiency are present. Thus, the trial court should make the determination of whether the plaintiff's appeal should be allowed to proceed.

The trial court on remand should review all relevant facts and circumstances in determining whether the appeal is in the plaintiff's best interests. While not intending to limit the trial court's examination of what would be in the minors' best interests, in *Newman* v. *Newman*, supra, 235 Conn. 103–104, we suggested the examination of certain factors. A number of those factors would be equally helpful in guiding the trial court on remand in the present case, such as: "the nature of the particular trial court order at issue; whether there is likely to be an appeal of the order, irrespective of that requested by the [incapable person] . . . whether the particular risks that underlie the general rule are likely to be realized by permitting such an appeal in the particular case; the potential for conflicts to arise between the best interests of the [incapable person] and [her] desire to prosecute the appeal; the good faith of the attorney making the request for such an appeal on behalf of the [incapable person]; the degree to which

an appeal will unduly drain resources that could be better spent on the [incapable person]; and whether there is any reasonable basis for such an appeal." Id., 104. If the trial court determines that the appeal is not in the plaintiff's best interests, then the appeal should be dismissed. See *Brown* v. *Villano,* supra, 49 Conn. App. 374. Any such denial will be subject to appellate review under an abuse of discretion standard. *Newman* v. *Newman,* supra, 104. If the appeal is found to be in the plaintiff's best interests, the trial court next must determine whether there is any conflict between the plaintiff's best interests and the plaintiff's articulated preference to bring the appeal herself. Upon finding that no conflict exists, the trial court shall allow the appeal to proceed.

The judgment of the trial court is reversed and the case is remanded to that court for further proceedings according to law.

In this opinion the other justices concurred.