OPINION
{¶ 1} Christopher V. Barker appeals from his conviction and sentence following a no-contest plea to one count of attempted rape.
 {¶ 2} In his sole assignment of error, Barker contends the trial court erred in *Page 2 
overruling a motion to dismiss his indictment upon expiration of the statutory time for restoring his competence to stand trial.
 {¶ 3} The record reflects that Barker was indicted on charges of rape and assault in September 2003. The trial court found him incompetent to stand trial and ordered him committed to Twin Valley Behavioral Healthcare (TVBH) on December 1, 2003. The purpose of the commitment was to provide a course of treatment that would restore Barker's competence. When Barker refused to take medications required as part of his treatment, TVBH petitioned the trial court on December 16, 2003 for an order authorizing the involuntary administration of medication. In response, Barker initially cooperated but then again refused to take medications deemed necessary to restore his competence. As a result, TVBH filed a second request for court-ordered medication on January 15, 2004.
 {¶ 4} Following a hearing, the trial court authorized forced medication of Barker on March 8, 2004. At his request, the trial court stayed its order pending appeal. While the appeal was pending, Barker remained at TVBH where he continued to receive some psychological treatment, albeit without the benefit of medications.
 {¶ 5} On November 15, 2004, Barker moved to dismiss the indictment against him. He argued that a one-year time limit for treatment to restore competence found in R.C. § 2945.38(C) had expired and that failure to dismiss the indictment would violate his constitutional rights. On January 28, 2005, we affirmed the trial court's forced-medication order. The trial court overruled Barker's motion to dismiss on March 3, 2005. The trial court reasoned that the relevant statutes authorized it to compel Barker to undergo treatment for up to one year. Because Barker had refused to take necessary *Page 3 
medications as part of his treatment, the trial court held that the one-year period had been tolled as of December 16, 2003, when TVBH initially petitioned for court-ordered medication, and had not expired.
 {¶ 6} On appeal, Barker contends the plain language of R.C. § 2945.38
establishes that a person charged with a felony cannot be required to undergo treatment to restore competence for more than one year. Barker insists that "treatment" may include alternatives other than medication. Therefore, he asserts that his refusal to take medication was not a refusal of treatment. Barker points out that he continued to receive "psychological treatment" even though he refused medication. Moreover, he argues that the statute does not provide for tolling based on a defendant's refusal of medication. Finally, Barker contends forcing him to receive treatment beyond the one-year period set forth in R.C. §2945.38 violates his constitutional rights.
 {¶ 7} Upon review, we are unpersuaded by Barker's arguments. When a court finds a substantial probability that an incompetent defendant will become competent to stand trial within one year if he receives "a course of treatment," the trial court "shall order the defendant to undergo treatment." R.C. § 2945.38(B)(1)(a). The trial court made such a finding in the present case and ordered Barker to undergo treatment at TVBH. Another provision, R.C. § 2945.38(B)(1)(c), authorized TVBH personnel to "petition the court for authorization for the involuntary administration of medication" if Barker refused medication that TVBH determined was a necessary part of his treatment. As set forth above, TVBH petitioned the trial court for such authorization after Barker refused medication beginning in December 2003. The trial court filed its forced-medication order on March 8, 2004, but granted a stay pending an appeal that was not decided by this *Page 4 
court until January 28, 2005.
 {¶ 8} The upshot of the foregoing facts is that Barker, due solely to his own actions, failed to receive medication needed to restore his competence for approximately fourteen months from December 2003 through January 2005. After refusing this medication, obtaining a stay of the trial court's forced-medication order, and pursuing a meritless appeal of that order, Barker now contends the trial court was required to dismiss his indictment under R.C. § 2945.38(C)(1)(b), which provides: "No defendant shall be required to undergo treatment * * * under division (B)(1) of this section for longer than * * * [o]ne year, if the most serious offense with which the defendant is charged is * * * [a]n offense of violence that is a felony of the first or second degree."
 {¶ 9} Unfortunately, R.C. § 2945.38 does not address the impact of Barker's refusal to take medication and his failed appeal of the trial court's forced-medication order on the one-year treatment time limit. Perhaps surprisingly, the issue appears to be one of first impression in Ohio. In overruling Barker's motion to dismiss, the trial court cited no case law to support its decision to toll the one-year period from the time that Barker refused medication. Likewise, on appeal neither party has cited, nor have we found, any Ohio case law on point.
 {¶ 10} Based on a review of the statutory language, however, we conclude that the trial court properly overruled Barker's motion to dismiss. Under R.C. § 2945.38(B)(1)(a), a trial court may order an incompetent defendant to undergo "a course of treatment" to restore competence to stand trial. Under R.C. § 2945.38(B)(1)(c), *Page 5 
this course of treatment may include forced medication if treating personnel determine that such medication is necessary to restore a defendant's competence. Finally, under R.C. § 2945.38(C)(1)(b), a defendant like Barker may not be required to undergo treatment for longer than one year. Here, however, Barker did not "undergo treatment," within the meaning of R.C. § 2945.38, for longer than one year. Instead, during the one-year period at issue, he actively resisted taking medication, which personnel at TVBH determined was a vital component of his treatment. Accepting Barker's argument would allow him, rather than medical professionals, to determine the scope of treatment available to restore his competence. It also would enable him to avoid the effect of a forced-medication order by filing a meritless appeal and dragging the process out until the one-year treatment period expired.
 {¶ 11} Although we have found no Ohio case law on point, we also are persuaded by the Connecticut Supreme Court's reasoning in State v.Garcia (1995), 233 Conn. 44, 91-93, 658 A.2d 947, 970, overruled on other grounds, State v. Jacobs (2003), 265 Conn. 396, 828 A.2d 587. InGarcia, the court reviewed a statute similar to R.C. § 2945.38 to determine "the effect of an appeal by the defendant from an involuntary medication order on the running of the time limit imposed on involuntary commitment for restoration of competency." Much like R.C. § 2945.38, the statute in Garcia "provide[d] no guidance as to the effect on this [time limit] created by an appeal by the defendant challenging the trial court's medication order." The Garcia court recognized, however, that "[w]ere the period of maximum commitment to continue to run during the pendency of such an appeal, the ordinary time demands for such an appeal might well result in the release of, or commencement of civil commitment proceedings *Page 6 
against, a defendant before the resolution of his appeal." Id. TheGarcia court then reasoned:
 {¶ 12} "* * * The practical effect of an appeal from a medication order, therefore, could be effectively to escape the order's mandate. Thus, it is impractical and unduly prejudicial and burdensome to the state to allow the commitment time limit to run while the defendant's appeal is pending. In permitting a defendant to protect his rights through an interlocutory appeal, we cannot permit the defendant automatically to escape that which he asks us to undo. Rather, if the defendant sets in motion a process that will consume the available time for this treatment under the statute, it is equitable that the time period for treatment be stayed during the pendency of those proceedings." Id.
 {¶ 13} We find the Garcia court's reasoning to be equally applicable here. Barker's refusal of medication and his failed appeal of the trial court's forced-medication order consumed virtually all of the one-year period available for treatment under R.C. § 2945.38. Under these circumstances, we see no error in the trial court's application of equitable tolling principles to prevent Barker's own actions from depriving the State of an opportunity to have his competence restored.
 {¶ 14} Finally, we find no merit in Barker's claim that forcing him to receive treatment beyond the one-year period found in R.C. § 2945.38
violates his constitutional rights. Based on the reasoning set forth above, we conclude that Barker did not undergo treatment, within the meaning of the statute, for more than one year. He refused medication, which was a necessary component of his treatment, and his actions tolled the one-year period. Accordingly, we overrule his assignment of error and affirm the judgment of the Montgomery County Common Pleas Court. *Page 7 
Judgment affirmed.
WOLFF, P.J., and GRADY, J., concur.
(Hon. George Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.) *Page 1