## DOROTHY VREDENBURGH ET AL. *v.* NORWALK PROBATE COURT ET AL.
## (AC 30576)

DiPentima, Robinson and Mihalakos, Js.

Argued September 24—officially released December 15, 2009

*Joseph Brachfeld*, for the appellants (plaintiffs).

*Frank W. Murphy*, with whom, on the brief, was *Kara A. T. Murphy*, for the appellee (defendant Stephen B. Keogh).

*Opinion*

DiPENTIMA, J. The plaintiffs, Dorothy Vredenburgh and James Bershstein, appeal from the judgment of the Superior Court dismissing as moot their appeal from the decree of the Probate Court for the district of Norwalk.[1] The probate appeal contested the appointment of the defendant Stephen B. Keogh[2] temporary conservator of the estate of Vredenburgh. We conclude that the Superior Court properly determined that the appeal from the decree of the Probate Court was moot, and, accordingly, we affirm the judgment of the Superior Court.

[1] The appeal alleged that Vredenburgh and Bershstein had "lived together for almost [fifteen] years and shared their lives and personal and financial information. They have a loving relationship evidence by the planning documents . . . executed . . . by . . . Vredenburgh."

[2] Also named as defendants were the Probate Court for the district of Norwalk, Matthew A. Caputo and Sharon Giese. The Superior Court, *Karazin, J.*, later granted Giese's motion to dismiss the appeal as to her. For convenience, we refer in this opinion to Keogh as the defendant.

On November 21, 2007, the Probate Court appointed the defendant as temporary conservator of the estate of Vredenburgh and Matthew A. Caputo as conservator of the person of Vredenburgh.[3] On December 31, 2007, the plaintiffs filed an appeal to the Superior Court pursuant to General Statutes § 45a-186.[4] With respect to the appointment of the defendant as temporary conservator,[5] the plaintiffs alleged that (1) the appointment was in excess of the statutory authority of the Probate Court, (2) the appointment was not the least restrictive means available to prevent harm and thus in violation of General Statutes § 45a-654 and (3) the Probate Court lacked sufficiently reliable evidence and acted arbitrarily and capriciously. On April 9, 2008, the defendant filed a motion to dismiss the appeal on the ground that his appointment as temporary conservator terminated on January 17, 2008. On that date, the defendant became the permanent conservator of the estate of Vredenburgh. The defendant argued that because his appointment as permanent conservator superseded his appointment as temporary conservator, the plaintiffs' appeal was moot.

---

[3] "Under Connecticut's statutory scheme, two types of conservatorships may be established. A conservator of the estate is appointed to supervise the financial affairs of a person found to be incapable of managing his or her own affairs or of a person who voluntarily requests the Probate Court to make such an appointment. General Statutes § 45a-644 (a). A conservator of the person is appointed to supervise the personal affairs of a person found to be incapable of caring for himself or herself or of a person who voluntarily requests the Probate Court to make such an appointment. General Statutes § 45a-644 (b)." (Internal quotation marks omitted.) *Lesnewski* v. *Redvers*, 276 Conn. 526, 528 n.1, 886 A.2d 1207 (2005).

[4] "The Superior Court has the statutory authority to hear and determine appeals brought by a person aggrieved by any Probate Court order, denial or decree." *Lesnewski* v. *Redvers*, 276 Conn. 526, 531, 886 A.2d 1207 (2005).

[5] This appeal focuses solely on the appointment of the defendant as temporary conservator of the estate of Vredenburgh. Other issues raised by the plaintiffs with respect to the appointment of the permanent conservator of the estate and the appointment of Caputo as conservator of the person of Vredenburgh have been addressed in other court proceedings outside the scope of the present appeal.

The court, *Pavia, J.*, granted the defendant's motion on October 29, 2008,[6] and, subsequently, issued a memorandum of decision on January 30, 2009. It observed that "the plaintiffs' appeal contests the appointment of the temporary conservator only, asserting error in the appointment process itself." The court then reasoned that because the temporary position ceased to exist as of January 17, 2008, there was no actual controversy and no practical relief it could afford the plaintiffs. This appeal followed.

On appeal, the plaintiffs claim that the court improperly dismissed the probate appeal as moot. The defendant counters that the court properly concluded that his appointment as permanent conservator precluded any practical relief from being available to the plaintiffs as to the appointment process of a temporary conservator. We agree with the defendant.

"Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to

[6] The defendant's motion to dismiss did not address or pertain to the appointment of Caputo as the conservator of the person of Vredenburgh. We note that the judgment file, which was signed by a court clerk and not the judge, incorrectly states that the granting of the motion to dismiss applied to the decree appointing Caputo as conservator of the person. The judgment file is a clerical document and subject to correction to conform to the judgment, the memorandum of decision signed by the judge. See *Vasquez* v. *Superior Court*, 102 Conn. App. 394, 412–13, 925 A.2d 1112, cert. denied, 284 Conn. 915, 931 A.2d 935 (2007).

Additionally, we note that our Supreme Court has stated that "the often thorny issue as to whether a judgment of the Superior Court is a final judgment for purposes of appeal; see General Statutes § 52-263 (final judgment required to prosecute appeal from the Superior Court); is not involved in an appeal from a judgment of a Probate Court. As the trial court implicitly recognized, since the right of appeal at issue is available under [General Statutes] § 45-288 [now § 45a-186] to [a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, the section does not require a final judgment." (Internal quotation marks omitted.) *Erisoty's Appeal from Probate*, 216 Conn. 514, 518, 582 A.2d 760 (1990).

appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Schiavone* v. *Snyder*, 73 Conn. App. 712, 716, 812 A.2d 26 (2002); see also *Murphy's Appeal from Probate*, 22 Conn. App. 490, 494, 578 A.2d 661, cert. denied, 216 Conn. 823, 581 A.2d 1057 (1990).

In the present case, the temporary conservatorship terminated with the appointment of the permanent conservator on January 17, 2008. We agree, therefore, that the trial court could not have afforded the plaintiffs any practical relief. The ability to afford the plaintiffs such relief as to their claims of an improper appointment of a temporary conservator of the estate ceased to exist when that position ended on January 17, 2008. Any order regarding the temporary position would be ineffectual.

We are mindful of our decision in *Stanley's Appeal from Probate*, 80 Conn. App. 264, 267–68, 834 A.2d 773 (2003), in which we determined that a challenge to the appointment of a conservator was not moot following the termination of that position. "[The plaintiff] was not seeking merely to terminate a conservatorship, but also to have the appointment itself set aside. . . . The substitute plaintiffs may argue that if no legal basis is found for the appointment, then there also exists no legal basis for an award of fees. To declare this appeal moot would be to disallow the substitute plaintiffs to litigate their claims fully." Id.

The present case, however, is distinguishable from *Stanley's Appeal from Probate*, supra, 80 Conn. App. 264. The plaintiffs have not been foreclosed from litigating their claims regarding the appointment of a conservator of the estate. We take judicial notice of the appeal[7] to the Superior Court, dated January 24, 2008, filed by the plaintiffs.[8] That appeal operates to protect sufficiently the rights of the plaintiffs with respect to the issues regarding the conservator of the estate. See *Murphy's Appeal from Probate*, supra, 22 Conn. App. 496–97. The duties of a conservator of the estate are set forth in General Statutes § 45a-655 and do not distinguish between temporary and permanent conservators. We also note that the statutory definition of a conservator of the estate expressly includes temporary conservators appointed pursuant to § 45a-654. See General Statutes § 45a-644 (a). We therefore conclude that in the appeal from the appointment of a temporary conservator of the estate of Vredenburgh, the Superior Court properly concluded that it could not afford the plaintiffs any practical relief following the appointment of a permanent conservator of the estate.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] In that appeal, the plaintiffs have challenged the appointment of a permanent conservator of the estate of Vredenburgh. Specifically, the plaintiffs claimed, inter alia, that (1) the Probate Court exceeded its statutory authority, (2) the Probate Court improperly denied a request for a continuance, (3) the appointment of a permanent conservator was not the least restrictive means available as required by § 45a-654 (a), (4) the appointment was clearly erroneous due to the lack of sufficient evidence and (5) the appointment was arbitrary, capricious and an abuse of discretion.

[8] Additionally, we note that the plaintiffs sought a writ of habeas corpus challenging the appointment of a conservator of the person of Vredenburgh. See General Statutes § 45a-186 (g). On March 24, 2008, the habeas court, *J. Downey, J.*, denied the plaintiffs' petition for a writ of habeas corpus.